CONSTANCE LITTELL, Tutrix, v. ROGER BANKS MARSHALL
and others.

Where a promissory note did not come into the hands of the plaintiff in the ordi-
nary course of business, the maker may prove want or failure of consideration.

An agreement, though for an amount exceeding five hundred dollars, may be proved
by a single witness without any corroborating circumstances, where it is not sought
to be enforced as a covenant, but merely to be proved as a fact.

ACTION before the District Court for the parish of Avoyelles,
*Boyce*, J., by the tutrix of the heirs of Moses Littell against Mar-
shall as drawer, and John L. Garrett as endorser of a promissory
note. From a judgment in favor of the plaintiff, Marshall alone
appealed.

In this case written arguments were submitted to the court by
*T. H. Lewis*, for the plaintiff, and by *Taylor*, *Swayze*, and *Cush-
man*, for the appellant.

BULLARD, J.  This is an action upon a promissory note against
the drawer and one of the endorsers, instituted by the legal repre-
sentative of the late Moses Littell as holder.  It was made payable
and negotiable at the office of discount and deposit of the Bank of
Louisiana at Opelousas, at twelve months after date.  Marshall, the
drawer, admits his signature, but avers that he is not bound to pay
the note, the consideration for which it was given having failed.
He alleges that at the date of the note he and Littell, the ancestor
of the plaintiffs, were joint owners of a tract of land on the west
bank of the Atchafalaya, in the parish of Avoyelles, about a mile
below the mouth of the Bayou des Glaises, containing about six
hundred and ten acres, he having acquired his half by purchase
from one William D. Mayes.  That Littell proposed verbally to
sell him his undivided half for fifteen hundred dollars, and offered
to take his note for the amount of the purchase, adding interest for
twelve months, and made payable at the Bank of Louisiana at
Opelousas, which he was to have discounted in Bank and the pro-
ceeds applied to the payment of the land;  that the respondent as-
sented to this proposition, and that the note was executed, and is the
same now sued on.  It was expressly understood, that as soon as
the note could be discounted, Littell was to make a sale of his un-
divided half of said tract of land;  but before the note could be dis-

counted, Littell died without making any sale of said land. He therefore prays, that the note may be ordered to be given up to him. The endorsers made no defence, and judgment having been rendered for the plaintiff, the defendant appealed. One witness testified upon the trial, that in 1837 he was at the defendant's, and that Littell was there. That Marshall and Littell were speaking about a tract of land owned by them jointly near the Atchafalayas. That Littell handed to Marshall the title papers for the land, and proposed to sell him his half for fifteen hundred dollars, but Marshall said he had not the money. Littell said he would enable him to obtain the money, and that if Marshall would have a note made out for an amount payable in Bank, so that when it should be discounted it would give fifteen hundred dollars, and get as endorser W. E. M. Wells, he would endorse it, and try and get it discounted in Bank. That if the note should be discounted so as to obtain the money, Littell would make him a conveyance of the land; otherwise it should be returned to Marshall. The note was then delivered by Marshall to Littell. The witness did not recollect that Wells was there. He understood from Marshall and Littell, that they had had other transactions about land, but thinks they had been settled. Understood that Marshall and Mayes had various transactions for land. It is shown that the note was endorsed by Wells, and that the body of the note is in his handwriting. The defendant further gave in evidence, a conveyance from Mayes to himself of one undivided half of the tract of land, He also gave in evidence sundry certificates of purchases of public land by Littell and Mayes jointly, amounting to 607 49-100 acres, probably the same land described as situated on the Atchafalaya, one undivided half of which it is averred was to have been sold to the defendant Marshall. It does not appear that the note has ever been discounted. The plaintiff contends that evidence of a failure or want of consideration cannot be received against her, being a *bona fide* endorsee before maturity of the note and without notice. All the circumstances which are shown in relation to the note sued on, render it more than probable, that it did not come into the hands of the plaintiff in the ordinary course of business. It is made not merely payable, but negotiable in Bank, and was not so negotiated. It is endorsed in blank. Under these circumstances we are of opinion,

the maker has a right to make proof of the want or failure of consideration, and that the parole evidence which appears to have been received, subject to all legal exceptions, was admissible. The witness, whose testimony we have stated substantially, stands unimpeached. It is corroborated by the fact that Littell and the defendant Marshall were co-proprietors of a tract of land. The defendant gave in evidence the title papers which were handed to him at the time of the agreement, and he exhibits a conveyance from Mayes, the original partner of Littell in the purchase from the United States. The note exceeds by a few dollars only the amount which when discounted in the Bank of Louisiana at twelve months, would give fifteen hundred dollars, the alleged price of the land. But it is argued by the plaintiff's counsel, that the testimony of Van Ness was inadmissible, because it goes to prove an agreement for the sale of land by parole, which is forbidden by the Code. If the title to land were to be affected by the judgment in the present case, unquestionably the evidence would be inadmissible. But whatever may be the result in the present case, Littell's title will remain undisturbed. It is further urged that, even admitting the defendant's right to prove by parole the agreement set up in the answer, yet the amount exceeding five hundred dollars, it cannot be proved by a single witness without corroborating circumstances.

To this it may be answered, that the agreement is sought to be proved not as a subsisting covenant which the party seeks to *enforce*, but merely as the inducement to another contract, the performance of which is demanded of him. He seeks to prove the agreement like any other *fact*, constituting in reality a suspensive condition to the contract relating to the payment of the note. But even supposing this one of the cases contemplated by that part of the Code relied upon, we have already adverted to several circumstances, such as the existence of the note itself, endorsed by Wells, negotiable in Bank, the joint ownership of the land, and the possession by Marshall of the original evidence of title, which we think strongly corroborative of the testimony of Van Ness.

It is therefore ordered, that the judgment of the district court be reversed, and that ours be for the defendants with costs in both courts.