# CHARLESTOWN.

## BUTLER *v.* BUTLER'S ADMR.*

### August 22, 1873.

1875.
August Term.

1. A surety who, without fault attributable to himself, pays the debt of his principal, has the right to demand reimbursement from his principal.

2. The surety is not entitled to recover from his principal a greater amount than he has paid for him, but is entitled to interest on that amount from the date of payment, and necessary costs.

3. If the surety pays the debt of his principal in depreciated currency' the general rule is, that he can demand from his principal only the value of that currency at the time of payment, and the criterion of that value is the market value.

4. An order directing a special commissioner to pay a certain sum of money to general creditors according to priorities, "*if any there be;*" not designating the creditors, the sum or *pro rata* sum they are entitled to, is an interlocutory order, and the court pronouncing the order has the right to retain the cause for a future direct action upon all matters that the interest and convenience of the parties, and the very justice of the case requires.

Appeal by William G. Butler from a decree of the circuit court of Jefferson county, rendered at the September term, 1871, thereof, in suit therein pending, wherein said Butler was plaintiff and Benjamin F. Harrison, Admr. of Vincent M. Butler and others were defendants.

The opinion of the Court contains a sufficient statement of the facts in the case.

---

*Through some inadvertence the reporter failed to receive the opinion in this case in time to insert it in its appropriate place in vol. 7. In response to many enquiries it is now given to the profession.

The Hon. Joseph A. Chapline, judge of said circuit court, presided at the trial below.

*Charles James Faulkner*, for the appellant.

*C. W. B. Allison*, for the appellees.

MOORE, JUDGE:

The appellant, Wm. G. Butler, by his counsel, has assigned three grounds of error for the consideration of this Court, acting upon an appeal from the decree of the circuit court of Jefferson county.

*First*, He claims that the said circuit court, in its decree at the September term, 1871, erred in allowing to the appellant but twenty-five cents in the dollar, upon the debt paid by him as the surety of Vincent M. Butler, when, according to the commissioner's report, he had received the notes of the Valley Bank at par, to the amount of $2,297, by virtue of a sale of his wheat, made for the purpose of discharging said debt; and for the residue, $265, he gave sixty cents in the dollar.

*Second*. He claims that said decree is erroneous, because it was founded upon no evidence, going to show, that at the time he paid said money to the Bank, its market value was but twenty-five cents in the dollar.

*Third*. The court having, by its decree of December term, 1869, recognized his debt in full, and ordered a distribution to him of his *pro rata* portion, it could not, by any subsequent order, re-hear and reverse that decree, except upon petition for re-hearing, affording him a full opportunity of contesting the law and facts upon which such re-hearing and reversal were asked to be made.

The repeated adjudications by the highest courts, both at law and in equity, have established a principle, recognized by standard text writers, as founded upon reason and justice, that a surety who, without fault of his own, pays the debt of his principal, has a right to reimbursement by the principal. But the surety is not entitled to

recover from the principal a greater amount than he has paid for him, because it is his duty to make the best terms he can for him; and it would be in violation of reason and justice to permit him to speculate upon the debt of his principal. Although the surety, in paying the debt, acts *ex necessitate*, he, nevertheless, acts in behalf of his principal, for whom he became liable, and upon the like principle of agency, in settling the debt, he cannot demand more than he has paid, with interest from the time of payment and necessary costs. Therefore, if the surety pays the debt of his principal in depreciated currency, or depreciated notes of banks or other institutions, the general rule is, that he can recover only the value thereof at the time he paid the debt for his principal; and the criterion is the market value. *Hall's Adm. v. Cresswell*, 12 Gill. and John (Md.) 36; *Kendrick v. Forney*, 22 Gratt. 748.

Applying these principles thus understood, to the case before us, upon the *first* and *second* assignments of error; the first question that presents itself, is, in what kind of funds did the surety pay the debt of his principal? The question is answered by the statement of W. N. Craighill, late clerk of the Valley Bank, at Charlestown; also by commissioner Fayman, in his report of January 25th, 1871, that the debt was paid in "*Valley Bank notes.*" The next question naturally follows: When was the debt paid by the surety? The record answers April 16th, 1866. What was the value of the Valley Bank notes at that time? The deposition of N. S· White, "a stockholder in the Valley Bank, and a holder of its circulation issued by the Bank of Charlestown," shows, as reported by commissioner Fayman, who accepts it as true, that in the fall of 1865, he "sold the issue of the Charlestown branch of the Valley Bank, '*which was the best branch of the Valley Bank*,' in Baltimore for thirty cents on the dollar" and in 1866, in the early summer, he "sold it for twenty-five cents on the dollar," and he considered that the fair market value when he

sold it. No attempt was made to prove it was of greater value than that testified to by the witness White, although it was made a question of special enquiry on the part of the commissioner, by order of the court, and the appellant had every opportunity to have shown the contrary, if the value had been different, even by his own testimony, he having been examined on that point.

It is true the commissioner reported, January 25th, 1871, that the debt was paid by the surety, "in Valley Bank notes received at par, of which $2,297 was for wheat sold by said Wm. G. Butler to pay the same, and $265, the residue was bought by him at sixty cents in the dollar."

That may be true, and yet not meet the principles of law governing the case. There is no time shown at which he sold the wheat, or received the Valley Bank notes. He may have received them long before the payment of the debt and at a time when the notes were at par: If so, certainly he could not call upon the principal to make up the difference between their par value and their depreciated value. The notes, however much depreciated, were, nevertheless, a set-off at par value to the debt due the Bank, but the surety could not claim their par value against the principal when in fact they were depreciated in market, and would be so held for all purposes except as set-off to debts due the Bank. To allow a surety to hold on to funds received by him when par, until they had depreciated, and then use them as a set-off to his principal's debt, and call upon the principal for reimbursement at par, is contrary to reason and justice, and cannot be sanctioned in equity.

Therefore, as the preponderance of the testimony in the cause is, that the appellant paid the debt of his principal, at the Charlestown branch of the Bank of the Valley, in funds of the said Bank, the 16th day of April, 1866, when said funds were depreciated, and as there is nothing in the proof of the cause to show that the circuit court erred in decreeing that the appellant should "be

allowed to the amount of the Virginia currency paid by him at a value of twenty-five cents on the dollar," the decree, in that respect, must be affirmed.

As to the *third* assignment of error. The decree of December term, 1869, did not act upon the report of the commissioner, to whom the case had been referred to ascertain the liabilities of the estate and validity of the claims of creditors; nor did it act upon the exceptions made to said report, but merely decreed that Wm. G. Butler pay the "sum of $2,923.70 to the general creditors of V. M. Butler, deceased, of the first class, according to their respective priorities, if any there be." The decree does not settle the question whether there were any "general creditors" "of the first class," nor their priorities; it does not adjudicate any specific sum, nor ratable part thereof to be paid each creditor: In fact the final expression of the decree, viz: "if any there be," shows conclusively the character of the decree to be interlocutory, and that the court intended to retain the cause for a future direct action upon all matters, that the interest and convenience of the parties, and the very justice of the case required. If the decree be final, we would have the anomaly of a court of chancery wresting from itself the prerogative of correcting errors interlocutory by placing in the hands of a special commissioner absolute right to decide and settle causes for it, without its future revision or sanction. For these reasons, and upon the authority of *Dunbar's Exors v. Woodcock's Exor*, 10 Leigh, 628, and *Cock's Adm. v. Gilpin*, 1 Rob., 20, I am led to the opinion that the decree at the December term, 1869, was interlocutory, and can be regarded only "as an expression of opinion on the part of the court, as to what ought to be done with the outstanding debts, as a declaration or settlement of one of the principles of the case, leaving for adjudication, in some future stage of the cause, the manner in which that principle should be carried out." (1 Rob., 51.)

I am, therefore, of opinion that the decree of September term, 1871, as to the claim ot Wm. G. Butler against the estate of V. M. Butler, deceased, as surety on the debt paid the Valley Bank, should be affirmed, with costs and damages.

The other Judges concurred.

DECREE AFFIRMED.