# WHEELING.

## MATTHEWS v. HALL'S ADM'R.

Submitted June 27, 1882—Decided April 21, 1883.

(*WOODS, JUDGE, Absent.)

1. If a surety extinguishes the debt of his principal, in whole or in part, for any sum less than the full amount so extinguished, he can in the absence of an express contract recover from his principal only the amount actually paid by him. (p 514.)

2. The implied contract in such case is, that the surety shall be indemnified only, and he will not be allowed to speculate out of his principal; consequently, if a surety obtains a credit on the debt of his principal without pecuniary cost, loss or damage to himself, he will not be entitled to recover anything for procuring such credit, although his principal avails himself of the benefit of such credit and the same is allowed to him by the creditor. (p. 514.)

Appeal from and *supersedeas* to a decree of the circuit court of the county of Lewis, rendered on the 28th day of February, 1879, in a cause in said court then pending, wherein Joseph Matthews was plaintiff, and Abraham R. Hall and others were defendants, allowed upon the petition of said Matthews.

Hon. John Brannon, judge· of the sixth judicial circuit, rendered the decree appealed from.

*Cause submitted before Judge W. took his seat on the bench.

The facts of the case are stated in the opinion of the Court.

*J. M. Bennett*, for appellant.

*William E. Arnold*, for appellees.

SNYDER, JUDGE, announced the opinion of the Court:

This is an appeal from a decree of the circuit court of Lewis county rendered, February 28, 1879, in a suit therein pending in which Joseph Matthews was plaintiff and Abraham R. Hall and others were defendants. The plaintiff filed his bill in said court, in July, 1875, and he alleges therein, that, on January 10, 1859, Abraham R. Hall, who had been previously elected sheriff of said county, in order to indemnify his securities on his official bond as such sheriff, together with John S. Hall who was to act as his deputy, conveyed to Henry Brannon, trustee, by deed dated January 4, 1860, three tracts of land, two of one hundred and fifteen and one hundred and forty acres, respectively, lying in said Lewis county, the property of said Abraham R. Hall, and the other of two hundred and thirty-eight acres, lying in Ritchie county, the property of said John S. Hall, which deed after reciting that George J. Arnold, Joseph Matthews, Abraham Williams, Ezra Hall and Joseph Hall as sureties, did with said Abraham R. Hall and John S. Hall enter into and acknowledge a bond to the commonwealth of Virginia for the faithful discharge of their duties by the said Abraham R. Hall as sheriff and the said John S. Hall as deputy, conveyed said lands in trust to secure said George J. Arnold and Joseph Hall as such securities from any liability which said principal or deputy might incur by reason of said sheriffalty, and if any default should occur the said trustee was authorized to sell said lands to satisfy the same, and the balance of the proceeds of such sale to be held by said trustee "for the indemnity of any or all further liability or liabilities which may arise out of said sheriffalty;" that although the said trust deed was given to indemnify the said George J. Arnold and Joseph Hall, the plaintiff avers that by the rules of equity it enured to the benefit of all the sureties jointly; that during the term of office of said Abraham H. Hall as sheriff as aforesaid, he incurred various liabilities, and amongst

which was a liability to the commonwealth of Virginia amounting to about one thousand eight hundred and thirty-one dollars, with interest thereon from March 26, 1861, at the rate of fifteen per cent. per annum, which involved the plaintiff in the liability as his surety; that on this liability the plaintiff paid two hundred and eighteen dollars and sixty cents to operate as paid June 1, 1861; that said Abraham R. Hall acknowledged said debt to the commonwealth and has paid or settled it, and in said settlement claimed and was allowed the benefit of and credit for the said ·two hundred and eighteen dollars and sixty cents paid by the plaintiff as aforesaid, but has failed to pay the said sum or any part thereof to plaintiff. The plaintiff, therefore, prays that said trustee be required to sell said trust property to pay said two hundred and eighteen dollars and sixty cents and the interest thereon and for general relief.

The said Henry Brannon, trustee, the said Abraham R. and John S. Hall and their sureties aforesaid were made defendants to said bill, and the said defendants demurred thereto which demurrer was overruled. The said Abraham R. Hall having died intestate, his personal representative and heirs were by bill of revivor made defendants to this suit and served with process. And subsequently, an amended bill was filed against the administrator and heirs of Jonathan Hall in which the plaintiff alleges that said Abraham R. Hall had sold to said Jonathan Hall a large portion of the lands conveyed to Henry Brannon, trustee, as aforesaid and that a part of the proceeds of said lands so sold was applied to the payment of liabilities of said Abraham R. Hall, but that said Jonathan Hall is not entitled to substitution on account of said application of the proceeds of said sale as against the rights of the plaintiff.

Emmet J. O'Brien, administrator of said Jonathan Hall, deceased, filed his answer to said amended bill, in which he denied that the plaintiff had any right to resort to the lands sold by said Abraham R. Hall to his intestate.

The facts in the record show, that the plaintiff, as successor of said Abraham R. Hall, was sheriff of said county from January to July, 1861, and that as such sheriff he paid into the auditor's office of Virginia two hundred and eighteen

dollars and sixty cents in excess of what was charged against him in said office. There were two assessors' districts in said county in 1861, in one of which G. I. Marsh was commissioner of the revenue and in the other Elijah Flesher was the commissioner, the latter was called district No. 1 and the former No. 2. The said Marsh returned to the auditor of Virginia the taxes on licenses assessed by him in his district in the spring of 1861, but the said Flesher made no return of the taxes on licenses assessed by him for that year and none were charged on the auditor's books against the sheriff. It is shown, that the plaintiff as sheriff collected at least one hundred and eighty-three dollars on taxes on licenses assessed in said Flesher's district. It is, therefore, contended by the defendants that the said over-payment of two hundred and eighteen dollars and sixty cents claimed by the plaintiff was in fact money collected by him on license taxes in said district No. 1 and for which he should have been but was not charged by the auditor of Virginia. There is also testimony tending to show that the plaintiff collected fully as much as two hundred and eighteen dollars and sixty cents on license taxes in said district No. 1 for which he has never accounted to or been charged with by the State of Virginia or this State.

It appearing, however, from the books of the auditor's office of Virginia, that the plaintiff, in the manner aforesaid, has overpaid the amount charged to him by said sum of two hundred and eighteen dollars and sixty cents, and the claim against the said Abraham R. Hall having been by law transfered to the State of West Virginia, he, the plaintiff, or some one in his behalf, procured the passage of an act by the Legislature of the latter State, on February 1, 1873, allowing him as one of the sureties of said Abraham R. Hall credit on the debt due the State from said Hall, for the said sum of two hundred and eighteen dollars and sixty cents—Acts 1872-3, p. 76. That afterwards the said Hall, with the concurrence of the plaintiff, in a settlement with the agent of the State, was allowed a credit on his said indebtedness to the State for said two hundred and eighteen dollars and sixty cents and he paid the balance due from him to the State. This transaction is the foundation of the plaintiff's claim to relief in this suit. Is he entitled to recover?

If the surety discharges the debt of his principal in whole or in part for any sum less than the full amount he so discharges, he can, in the absence of an express contract, recover from his principal only the amount actually paid by him —*Blow* v. *Maynard*, 2 Leigh 29. The implied contract in such case is that the surety shall be indemnified only, and he will not be allowed to speculate out of his principal. If he pays in depreciated bank notes, or other money which is below par, but is taken by the creditor at par, he can recover from the principal only the par value of such money—*Kendrick* v. *Forney*, 22 Gratt. 748; *Butler* v. *Butler*, 8 W. Va. 674; *Feamster* v. *Withrow*, 9 *Id.* 296. He is entitled to recover the amount actually paid by him, and not the amount extinguished by that payment. If he pays nothing he is entitled to recover nothing from his principal. It is on a contract for indemnity that the surety becomes liable for the debt. It is by virtue of that situation, and because he is under an obligation as between himself and the creditor of his principal, that he is enabled to make the arrangement with that creditor. It is his duty to make the best terms he can for his principal. He occupies in that regard the same position as an agent, and cannot speculate out of his principal—Brandt on Sur. and Guar. § 182.

What, if anything, has the plaintiff paid as surety for his principal Abraham R. Hall in this case? The enquiry is, what amount will indemnify him for the actual sum he has paid or loss sustained, and not what amount of the debt of his principal he has extinguished. The fact that the plaintiff voluntarily paid money in discharge of a liability, either actual or supposed, to the auditor of Virginia, is *prima facie* evidence, that he was indebted to that State for the amount so paid. If the money was paid by him by mistake the burden was on him to show the mistake and the extent of it. It is not pretended that he made a loan to said State. The most that can be claimed by him is that he made the overpayment of two hundred and eighteen dollars and sixty cents by mistake. Has he shown that there was any error or mistake in said payment? The books of the auditor's office are exhibited to prove that he has been credited with two hundred and eighteen dollars and sixty cents more than he has

been charged with on said books. But said books and the proof in this cause show that what appears to be a mistake in his favor is in fact not such. The taxes on licenses assessed in district No. 1 of Lewis county were not returned to the auditor's office and consequently not charged to the plaintiff. The taxes assessed in this district was, perhaps, over one thousand dollars, and it is proved that the plaintiff collected part of said taxes; and while the amount collected by him is not shown, it sufficiently appears, that he collected at least one hundred and eighty-three dollars in said district and the fact that he paid to the auditor two hundred and eighteen dollars and sixty cents is, in the absence of any evidence to the contrary, conclusive evidence that he collected not less than that sum in said district. It follows, therefore, that he has paid nothing out of his own funds to the auditor, nor has he sustained any pecuniary loss or damage. But it is insisted that the said act of the Legislature of February 1, 1873, is an admission on the part of the State that said two hundred and eighteen dollars and sixty cents was the balance due the plaintiff *for excess of payments* on the spring license taxes for the year 1861. If this act was intended as a release of a claim due the State it is unconstitutional and void. Const. sec. 38 art. VI. And if it was not so intended, it could not affect the rights of the parties and leaves their respective liabilities just as they were before its enactment. But whether this be true or not, is immaterial, as it is not pretended that there was any consideration for said act other than that which has been hereinbefore stated and considered. So in any view of the transaction, it does not appear that the credit allowed the said Abraham R. Hall as aforesaid, although procured by the plaintiff, cost anything or subjected the plaintiff to any pecuniary outlay or loss. He obtained said credit by the payment of money belonging to the State which he has not been called on to refund. If the State should hereafter compel him to pay said two hundred and eighteen dollars and sixty cents he may then have a just claim against his principal and co-sureties, and when he shall have accounted to the State for said money, it will be time enough to consider whether or not he is entitled to any relief against them; but until then he is not entitled to recover. The plaintiff has as

yet sustained no damage, paid no money, nor been subjected to any loss. And not having been damnified he is not in a position to call for indemnity.

I am, therefore, of opinion that there is no error in the decree of the circuit court dismissing the plaintiff's bill, and that said decree should be affirmed with costs to the appellees against the appellant and thirty dollars damages.

THE OTHER JUDGES CONCURRED.

DECREE AFFIRMED.