## CHARLESTON.

DeCamp v. Carnahan *et al.*

Submitted September 14, 1885.—Decided November 28, 1885.

(Snyder, Judge, Absent.)

1. A case in which a motion to dismiss an appeal was overruled. (p. 841.)

2. A court of equity has a right to cancel a deed, which is a cloud upon the title of one out of possession of the land.   (p. 842.)

3. Where an attachment-suit in equity was instituted to subject land to the payment of a debt, and the land was sold under a decree in said cause, and a deed was made for the property to the purchaser at such sale, but after the levy of the attachment the debtor conveyed for a valuable consideration the land to another, and no *lis pendens* was recorded, as is required by sec. 14 of ch. 139 of the Code, the purchaser from the debtor will hold the land as against the purchaser under the decree.   (p. 842.)

4. And this defect in the title of such purchaser at the sale under the decree was such as all subsequent purchasers from him were bound to notice.   (p. 844.)

*Knight & Couch* and *W. A. Quarrier* for appellant.

*J. W. Harris* for appellee.

Johnson, President:

Prior to September, 1874, the title to certain tracts of land and leasehold estates described in the pleadings and exhibits filed in the cause was in Andrew F. Baum, *five* twelfths, Robert Campbell *five* twelftths and W. W. Corbett *two* twelfths. For the purposes of this decision it may be regarded as not disputed in the record, that the defendant, the St. Lawrence Boom and Manufacturing Company, has the title now to the *seven* twelfths, the interest formerly owned by Baum and the controversy is over the interest formerly held by Robert Campbell.   On September 14, 1874, Robert Campbell by three deeds of that date, all of which were recorded in Pocahontas county, where the said property is, on Septem-

ber 25, 1874, conveyed his said *five twelfths* interest to the appellant, DeCamp. On August 14, 1874, one Thomas Gillispie brought an attachment-suit in equity in the circuit court of Pocahontas county against said Campbell and others, and the attachment was levied on the said five twelfths interest of Campbell, on August 15, 1874. Such proceedings were had in said suit, that Campbell's interest was sold, and said Gillispie became the purchaser thereof and received a deed therefor under an order of the court, and by a series of conveyances the St. Lawrence Boom and Manufacturing Company became vested with just such title and no more, as was passed to the purchaser under the sale made in this suit. It is admitted that no *lis pendens* was recorded in the clerk's office of the county court of Pocahontas county, describing the attachment suit, and giving notice of the lien acquired by the levy of the attachment.

Under this state of facts George W. DeCamp on July 12, 1883, filed his bill in the circuit court of Pocahontas county against J. W. Carnahan, the St. Lawrence Boom and Manufacturing Company and others setting up the foregoing among other facts and praying that said deed to Gillispie and the other conveyances, by which the said five twelfths interest was attempted to be conveyed to the St. Lawrence Boom and Manufacturing Company, be cancelled, and that he be quieted in his title, and *for general relief*.

The defence by demurrer, and answer is, that a court of equity has no jurisdiction over the matters set up in the bill, and that the title acquired by Gillispie by and under the attachment-suit was prior and better than the title acquired by DeCamp by the deed from Campbell. No depositions were taken in the cause.

On April 9, 1884, the cause was heard on the pleadings and exhibits and arguments of counsel. "Upon consideration thereof the court was of opinion, that the plaintiff was not entitled to any relief as prayed for in the bill" and therefore dismissed the bill with costs.

From this decree the plaintiff Geo. W. De Camp appealed.

The counsel, who filed the answer of the defendant, J. W. Carnahan and also of two others of the defendants, after giving notice thereof on September 14, 1875, moved this court

then in session at Charleston to dismiss the appeal. The notice was given in the name of George W. DeCamp, the appellant, by counsel, and the ground of the motion was, that "said appeal was improperly applied for, taken and obtained in my name and behalf without any power, authority, or warrant of attorney whatever from me to you or any other person to do." The notice was directed to "Knight & Couch attorneys at law," one of which attorneys, E. B. Knight, Esq., having with W. H. Hogeman, Esq., applied for and obtained the appeal. The motion to dismiss was resisted. No affidavit of George W. DeCamp or other evidence was filed denying the authority of Messrs. Knight & Hogeman to represent him in the application for the appeal, and the affidavit of George Scranage is filed showing that DeCamp had given his authority to counsel to prosecute the suit. Under these circumstances the motion to dismiss the appeal must be overruled.

The two questions discussed in argument by counsel for appellant and the appellee, the St. Lawrence Boom and Manufacturing Company, are, first, that equity has no jurisdiction in this case, and that the title of the defendant, derived by sale under the attachment proceedings being prior to the title of the plaintiff is good and valid, and the plaintiff's title is bad.

A number of authorities hold that, where the party is in possession, he may bring a chancery suit to declare a deed void which is a cloud upon his title. (*Clouston* v. *Shearer*, 99 Mass. 209. *Sullivan* v. *Flannagan*, 101 Mass. 447.) But it has also been decided that if the party is not in possession he cannot maintain such suit. (*Branch* v. *Mitchell*, 24 Ark. 431. *Harrington* v. *Williams*, 31 Tex. 448. *Barron* v. *Ribbons*, 22 Mich. 35.)

In *Carter* v. *Taylor*, 3 Head 30, it appeared that the party was out of possession when he brought his suit in equity to cancel a deed which was a cloud on his title, and the court decided, that if a cloud rested upon the title of a party to real estate by reason of an unsatisfied mortgage or a deed made without authority, such person has the right to come into a court of equity to have said cloud removed, and his title quieted and perfected.

In *Bruce* v. *Gallagher*, 5 Blatchf. 481, it was decided by Shipman, judge, that a suit in equity to annul a forged deed of land and have it cancelled and the record of it declared void brought by the legal owner of the land, who is the grantor named in the forged deed, while he is out of possession of the land, is not taken out of equitable jurisdiction by the fact that the deed is void; that it is not necessary before bringing such suit for the legal owner to establish his title to and obtain possession of the land by ejectment at law; that such a suit is peculiarly one of equitable cognizance.

It seems to me, that in a case like the one at bar the remedy is not so full, adequate and complete at law as in equity. The parties will be obliged to rest, if the court holds that the deed sought to be removed as a cloud on the title is invalid and cancels it; and if the court refuses to cancel, because the deed is good and valid, they must also rest; for in either case the question is settled. That is a question which a jury cannot be permitted to pass upon in ejectment. But the question of jurisdiction is at rest in West Virginia. We have repeatedly taken jurisdiction of such cases. (*Grinnan* v. *Edwards*, 21 W. Va. 510.  *Haymond* v. *Camden*, 22 W. Va. 180.  *Sturm* v. *Fleming*, 22 W. Va. 404.)

The bill was also a good bill for partition, the court having jurisdiction to remove the cloud from the title to five twelfths of the property held in common.  (*Almong* v. *Hicks*, 3 Head. 39)  It is true the bill contained no special prayer for partition, but there was a prayer for general relief, and under this prayer a partition might have been asked for at the bar. (*Cook* v. *Martyn*, 3 Atk. 3.)  If the plaintiff in a bill in equity in his special prayer mistakes the proper relief, it may be given under the general prayer, if consistent with that, which is specially prayed.  No relief can be granted under the general prayer entirely distinct from and inconsistent with the special prayer.  (*Brown* v. *Wylie*, 2 W. Va. 502.)

Should the court have decreed that the deed from the commissioner to Thomas Gillispie for the interest of Robert Campbell in the lands and leases in the bill mentioned and the several conveyances, by which said interest was at last conveyed to the St. Lawrence Boom and Manufacturing Company, were a cloud upon the title of the plaintiff and

void? The position taken by counsel for appellant, that such deeds could be declared void because of any irregularity in the proceedings in the attachment suit of *Thomas Gillispie* v. *Anshutz & Co.*, is untenable. In a collateral proceeding to set aside a sale made under a judgment of another court, it is not enough to show mere errors and irregularities. (*Ludlow* v. *Ramsey*, 11 Wall. 581.) In that case it was also decided, that it was not enough in a collateral proceeding to set aside a sale made under the attachment law of Tennessee, that the affidavit, on which the attachment issued, did not state, as the Code of Tennessee directs, that such affidavits should do, that the claim, to secure which the attachment issued, was a "*just claim.*" The errors and irregularities, if any existed in such suit, would have to be corrected in that suit on appeal.

The court under the statute had jurisdiction in equity of a purely legal claim upon attachment, and its jurisdiction, when it attached, was the same as the jurisdiction of a court in any other case. But it is admitted, that no *lis pendens* was recorded. That the statute in terms declared, sec. 14, ch. 139, p. 667, of our Code: "The pendency of an action, suit or proceeding to subject real estate to the payment of any debt or liability, upon which a previous lien shall not have been acquired in some one or more of the methods prescribed by law, shall not bind or affect a purchase of such real estate, unless and until a memorandum setting forth the title of the cause, the court in which it is pending, the general object of the suit, the location and quantity of land as near as may be, and the name of the person whose estate therein is intended to be affected by the action or suit shall be filed with the recorder of the county in which the lands are situated; and such recorder shall forthwith record the said memorandum in the deed-book, and index the same by the name of the person aforesaid."

It is insisted here by counsel for the appellee, The St. Lawrence Boom and Manufacturing Company, that the case here is excepted from the statute by the words "acquired by some one or more of the methods prescribed by law;" that the attachment-lien in this case was a lien of such a character, a clear, definite and distinct lien under the statute. The fallacy of this argument is, that the statute declares, that the

lien excepted from the operation of the statute must be a "*previous lien* acquired in some one or more of the methods prescribed by law." It must have been a lien acquired upon the real estate sought to be affected in that suit *prior* to the commencement of the suit. This was certainly *not* such a lien. This was acquired *after* the institution of the suit, or at the time of the institution of the suit in which it is sought to be enforced. It follows therefore, that, unless such *lis pendens* was recorded as prescribed by the statute, the lien could not bind or affect a purchaser of such real estate. The statute does not say, as the previous statute did, that it should not bind or affect a purchaser of such real estate "without actual notice thereof;" but it could not affect this case if it did, as it is not shown by the record, that the purchaser had actual notice thereof. By force of the statute then the title to George W. DeCamp conveyed by Robert Campbell of an undivided *five twelfths* of said land and leasehold property, was unaffected by the title acquired by the Boom Company under said attachment-sale; and this fatal defect of title was such, that all subsequent purchasers of said land so sold in said suit were bound to notice.

The decree of the circuit court of Pocahontas county, dismissing the plaintiff's bill at the hearing is therefore erroneous and is reversed with costs to the appellant; and the deed to Thomas Gillispie conveying said *five twelfths* interest, made by the commissioner in the cause of *Gillispie* v. *Anshutz & Co.*, and all the intermediate deeds for said interest including the deed for said five twelfths of said property to the said The St. Lawrence Boom and Manufacturing Company, in so far, and so far only, as they purport to convey such interest of said Campbell, as was sold under said attachment-proceedings, are declared null and void; and this cause is remanded for further proceedings, or to enter a decree for costs, for plaintiff, as may appear proper.

Reversed. Remanded.