# CHARLESTON.

53    411
f61    83

SANSOM *v.* BLANKENSHIP.

Submitted February 12, 1903.    Decided April 28, 1903.

1. DEFECTIVE TITLE.
    Equity has no jurisdiction to remove cloud over title to land, unless the plaintiff is in actual possession.    (p. 413).

2. PLEADING.
    If there is no replication to an answer it is taken as true for all its material allegations.    (p. 414).

Appeal from Circuit Court, Wayne County.

Bill by Sarah Sansom against R. L. Blankenship. Decree for defendant, and plaintiff appeals.

*Affirmed.*

CAMPBELL, HOLT & DUNCAN, J. H. MEEKS, and CRUM & CRUM, for appellant.

GEO. J. McCOMAS, for appellee.

BRANNON, JUDGE:

Sarah Sansom brought a suit in equity against R. L. Blankenship and others in the circuit court of Wayne County claiming to be the owener of a tract of land, and that she was

in possession of it, and that the defendant entered upon it and cut and removed timber growing on the same, thereby working irreparable damage to her land. The bill says that the father of the plaintiff and F. M. Blankenship, a defendant, owned land which was divided among his heirs, she getting one hundred and six acres and F. M. Blankenship forty acres adjoining her, which did not interlock with her tract, but that he had made a deed to R. L. Blankenship and Mary V. McSweeny, and without right or title fraudulently and wrongfully included in it a part of the plaintiff's one hundred and six acres, and that this caused a cloud over part of her land. She prayed and obtained an injunction against trespass and cutting timber, and asked that the cloud over her title be dispelled by decree and that she be quieted in the enjoyment of the land.

The answer of R. L. Blankenship and Mary V. McSweeney states that the plaintiff and F. M. Blankership, while he owned the 40 acres, took possession of the tracts so allotted to them, and agreed upon a partition line between them, which was clearly marked, and lived up to and acquiesced in for a number of years, and that for a number of years after partition deeds under the partition decree there was no objection made to the line or occupancy up to it; that the conveyance to them from F. M. Blankenship was up to this line. They deny that the land in question is owned by plaintiff, and deny that they had done irreparable injury to the plaintiff. No replication was made to this answer. The case was heard on the bill and answer and the injunction was dissolved and the bill dismissed, and Sarah Sansom appeals.

The plaintiff filed an amended bill practically the same as the original, except that it set up that suits had been brought to set aside as fraudulent against creditors of R. L. Blankenship the said conveyance from him to his children, and it was set aside and the land sold under decree to Adkins and the land was conveyed by Adkins to R. L. Blankenship. The amended bill is said to have been at rules when the cause was heard. No notice of it was taken in the decree. It is not mentioned in the record. It is copied into it, but is no part of it.

For the defendants it is argued that the original bill should have been dismissed upon demurrer for these reasons:

1. Because the bill does not show good title in the plaintiff

or bad title in the defendants. This criticism of the bill is, technically speaking, true; but as the bill shows a common title in both as to source, and alleges that the conveyance to R. L. Blankenship and Mary V. McSweeney fraudulently included part of the plaintiff's land, the bill must be held to charge good title in the plaintiff and bad in the defendants.

2. Because the bill does not show the land in controversy or the injury to the amount to $50.00. Amount does not control equity or a suit involving title to land.

3. Because the bill showed only a controversy as to a piece of land between the line of the plaintiff's deed and the line of the defendant's deed, and was a controversy between conflicting titles or boundary cognizable at law, not in equity. Equity does not accept a suit only to settle title or boundary to land; but an exception is that if the plaintiff is in actual possession he may sue to remove an adverse title from his title, because it is a cloud over it. This rule arose when one in actual possession could not bring ejectment, and when no one could be sued in ejectment from his merely claiming adverse title For one in possession no other remedy but equity to remove cloud existed. Now, as I think for reasons given in *Moore* v. *McNutt,* 41 W. Va. 695, one in possession may sue in ejectment one who simply exercises acts of ownership over or cleaims title to the former's land. I do not see why one not in actual possession may not maintain ejectment against one not in actual possession, but claiming title or exercising acts of ownership, to setttle title. But that would not oust equity of its antecedent jurisdiction to remove cloud. The bill alleges that plaintiff was in possession and that gives jurisdiction to remove cloud. It does not say that she was in actual possessioin; but possession means *prima facie* actual possession. The demurrer was properly overruled.

Next as to the cause on bill and answer. The answer contained a general denial of all the bill not specifically answered, thus denying plaintiff's possession. But elsewhere the answer says that on the division of the land of the father Sarah Sansom and F. M. Blankenship took possession of their separate parts. This admits, taken alone, Mrs. Sansom in possessiaon to her limits; but the answer adds that later they agreed upon, marked and held possession according to division line. If so,

her possession at the date of the suit did not take in the contested land, and there is no jurisdiction in equity. There being no replication, the answer alleging this line and possession of the parties only up to it is taken for true. *Bierne* v. *Ray,* 37 W. Va. 571. It might be said that if the plaintiff took possession it goes, for this suit, to her limits notwithstanding the subsequent agreement upon a line; but the answer says that her possession was limited to that line, and I think we shall have to treat it as the true view that she held only to the line, and was not in possession of the litigated land. Therefore for want of possession the bill was properly dismissed for want of jurisdiction to try conflicting title or boundary, as the answer denied her possession. *Davis* v. *Freer,* 52 W. Va. 1; *Hitchcock* v. *Morrison,* 47 *Id.* 206; *Christian* v. *Vance,* 44 *Id.* 754.

As there is no jurisdiction we say nothing as to the effect of the agreed line.

The plaintiff assigns error in discharging the amended bill. If she wanted any benefit from it, should she not have had it mentioned in the decree? It was her duty to mature it. She never asked that it be read, if it was matured. Moreover, it was not material, as Adkins was not a necessary party, nor Fry, the commissioner who conveyed the land under the decree. They had no title. The amended bill did not in the least alter the case as to jurisdiction.

The case was heard on only bill and answer. The appellant complains that the case was not continued to take proof. Why did she not ask for time? She did not. "When the record does not show that objection was made to the hearing of a cause, the presumption is that the cause was heard without objection."

The bill was dismissed generally. It is said that it should have been without prejudice. So it ought to have been, as there was no jurisdiction.

We will affirm the decree, but without any prejudice to the rights of any of the parties. The plaintiff had no right to sue in equity, if in fact not in actual possession, unless to restrain trespass pending action to try title at law. *Carberry* v. *Railroad,* 44 W. Va. 260; *Christian* v. *Vance,* 41 *Id.* 754.

*Affirmed.*