# CHARLESTON

POLING *et al. v.* POLING *et al.*

Submitted June 15, 1906.     Decided December 11, 1906.

1. INFANTS—*Suit to Set Aside Decree.*

    Infant defendants to a suit in chancery may, before attaining the age of twenty-one years, maintain an original bill by next friend, showing such error, fraud or surprise as entitles them to a reversal of the decree in such suit. (p. 79.)

2. SAME—*Grounds.*

    In order to avail the infant parties, the cause for reversing the decree must have existed at the time of the entry of the decree. (p. 79.)

3. JUDGMENT—*Equitable Relief—Suit by Adults.*

    Section 7 of chapter 132 of the Code, 1906, does not give additional rights or remedies to adult parties to a suit to show cause against a decree therein, or extend the time in which they may do so by any procedure available to them. (p. 80.)

4. LOST INSTRUMENTS—*Restoration of Deed.*

    If it appears from the record of a suit to restore a lost deed that the deed was void on its face, it is error to decree its restoration. (p. 81.)

5. REMOVING CLOUD ON TITLE—*Possession.*

    It is the general and well settled rule that a bill in chancery, for the purpose of removing a cloud upon the legal title to land, cannot be maintained by one out of possession. (p. 81.)

6. EQUITY—*Jurisdiction—Additional Relief.*

    Where, upon an original bill by infant parties, a decree restoring a lost deed for land pronounced in another suit is reversed, the court cannot proceed upon the bill of the infants to adjudicate the question of title to the land between them and a purchaser under a decree in a suit subsequent to the suit restoring the deed and between different parties, when the decree restoring the deed did not adjudicate the title to, or otherwise dispose of, the land and when the bill of the infants cannot be maintained for the purpose of removing a cloud upon the title to the land. (p. 83.)

Appeal from Circuit Court, Barbour County.

Bill by Wesley Poling and others against A. J. Poling and others. Decree for defendants, and plaintiffs appeal.

*Reversed in Part.*

BENT & SPEARS, for appellants.
ICE & ICE, for appellees.

Cox, Judge:

From the allegations of the bill and other parts of the record, the following facts appear: Mary E. Poling, wife of A. J. Poling, died intestate in Barbour county in July, 1894, survived by her husband and a number of children. Shortly previous to her death, being the owner of a tract of land (mentioned in the record as 68 acres) in said county, and while living with her husband, she made a deed for the land to him. At September rules, 1895, the husband, A. J. Poling, filed his bill in equity against the children and heirs of his deceased wife, substantially for the purpose of restoring the said deed made by her to him, alleging that the deed had been lost or destroyed without being recorded. That suit resulted in a decree in effect restoring the deed, by adjudicating that the decree stand in place of the deed and as the evidence of title of said A. J. Poling to the 68 acres of land, and that a copy of the decree be recorded in the office of the clerk of the county court of Barbour county in the proper deed book, etc. Afterwards, a lien-creditors' suit was instituted in the circuit court of said county by Crislip, for the use of Chesapeake Guano Co., against A. J. Poling, to subject the 68 acres of land to the satisfaction of lien debts against him. In that suit a decree was entered confirming a sale of the land to John F. Woodruff at the price of $675.00, and directing a deed to him by a special commissioner. The decree confirming the sale was entered on the first day of June, 1898. Afterwards, the nine children and heirs at law of the wife, Mary E. Poling, instituted this suit in chancery in the circuit court of said county, and filed their bill therein at July rules, 1901, against A. J. Poling and John F. Woodruff to set aside the decree restoring the lost deed, and also to set aside the sale of the land to Woodruff. This suit resulted in a decree wholly dismissing the plaintiff's bill, from which the plaintiffs, the children and heirs at law of Mary E. Poling, appeal.

It is alleged in the bill in this cause that four of the plaintiffs—namely, Weslie, Earnest, Edna and Nina Poling—are infants, and they sue by their next friend. It is also alleged in the bill that Dennis Poling, another of the plaintiffs, was over fourteen and under twenty-one years of age when the suit to restore the lost deed was instituted; and that Charles

Poling, another of the plaintiffs, was at that time over fifteen and under twenty-one years of age; but their ages at the time of the filing of this bill are not set forth. Three of the plaintiffs—namely, Anza Kelley, Suma Payne and L. C. Poling—were adults at the time the decree restoring the deed was entered. The bill does not show that the plaintiffs are in possession of the 68 acres of land; on the contrary, the facts shown indicate that they are not in possession. The records of the suit to restore the lost deed and of the lien-creditors' suit are made parts of the bill in this suit, but only a portion of those records were brought here and printed.

For the purpose of determining the questions arising, we find it necessary to classify the plaintiffs as follows: (1) The four infant plaintiffs who were infant defendants in the suit to restore the deed: (2) the three plaintiffs who were adults at the time of the decree restoring the deed; (3) the two plaintiffs who were infants at the time of the decree restoring the deed, and were adults at the time of the institution of this suit. The rights of each class will be considered in the order named.

(1) The rights of the four infant plaintiffs who were defendants in the suit to restore the deed. The statutory right given to infants under section 7, chapter 132, Code 1906, to show cause against an order or decree at any time during their minority and within six months thereafter, is undoubted and unquestioned. Infants during their minority may do so by next friend. Within six months after attaining their majority, they may do so in their own names. The law is liberal in the form of procedure which they may adopt. They may show cause against the decree by original bill, bill of review, supplemental bill in the nature of a bill of review, petition, or answer, and perhaps by other forms of procedure. They may show error of law in the record of the suit in which the decree was pronounced, and the whole record will be examined for the purpose of determining whether or not there is error therein, or they may show fraud or surprise. *Lafferty* v. *Lafferty*, 42 W. Va. 783; *Ewing* v. *Winters*, 39 W. Va. 489; *Stewart* v. *Tennant*, 52 W. Va. 559; and other cases. By the bill in this cause, the plaintiffs point out that the deed restored by the decree complained of was void, because made by a wife to her husband while they were living

together and in which he did not join; and that the decree is erroneous, because it in effect restored such void deed. A deed of conveyance for land, made by a wife to her husband while they are living together, in which he did not join, is void. *Smith* v. *Vineyard*, 58 W. Va. 98; *Mullins* v. *Shrewsbury*, recently decided by this Court and not yet reported. The deed being void, was the decree restoring it erroneous for that reason? An argument would seem unnecessary to sustain the position that a decree restoring a deed void on its face is erroneous. A party invoking the power of the court must have some real cause to maintain and some right to protect. It seems almost axiomatic that a party cannot come into court to protect or restore a mere nullity—an instrument void on its face. If it clearly appears upon the face of the record that the instrument to be restored was absolutely void, no decree of restoration should be made. 19 Am. & Eng. Enc. Law 558; *Vail* v. *Englehart*, 69 Ill. 332. Considering the decree to be erroneous, was it to the prejudice of the infant plaintiffs? Upon principles now settled in this State, we have little trouble in determining that such decree was to the prejudice of the infant plaintiffs. The decree restored a void muniment of title, purported to complete the chain of title of the husband, adverse to the interests of the infants. Although this muniment of title was void on its face, it might have been removed and cancelled as a cloud upon the legal title of the infant plaintiffs, in equity in a proper case, if they had such legal title and had been in possession of the land. This is true notwithstanding the fact that the deed or decree might be held void in an action of ejectment, or in any other proceeding at law in which it came in question. *Whitehouse* v. *Jones*, recently decided by this Court and not yet reported. The fact that equity has jurisdiction to remove a void instrument as a cloud upon the legal title to real estate in a proper case, is sufficient to show that such deed was prejudicial and that a decree restoring it is likewise prejudicial. This view entitles the infant plaintiffs to a reversal of the decree restoring the deed.

The bill in this cause also prays that the sale to Woodruff in the lien-creditors' suit be set aside. The bill alleges, and the answer does not substantially deny, that the plaintiffs

were not parties to the lien-creditors' suit and did not have notice thereof. ·If they were not parties to the lien-creditors' suit, they could not appeal from a decree in that suit, and could not maintain a bill to reverse such decree for error appearing from the record. *Yeager* v. *Carpenter.* 8 Leigh, 454; *Conrad* v. *County Court,* 10 W. Va. 789; *Lance* v. *McCoy,* 34 W. Va. 419; *Williamson* v. *Hays,* 25 W. Va. 609; *Miller* v. *Rose,* 21 W. Va. 291. Having determined that the decree restoring the lost deed should be reversed as to the infant plaintiffs, should the court go further and determine the question of title to the land between them and Woodruff, the purchaser in the lien-creditors' suit? In other words, can the suit be converted into an ejectment in equity, upon the principle that equity, having jurisdiction for one purpose, will give full relief? The privilege given by the statute to infant parties to show cause against a decree is special to them, and does not extend to adult parties. The privilege is limited to showing cause against a decree, and that cause must have existed at the time of the entry of the decree. Upon the reversal of the decree, the aggrieved parties are entitled to be placed in *statu quo,* under the doctrine of restitution. *Stewart* v. *Tennant, supra;* 22 Cyc. 703. We cannot see that the doctrine of restitution would justify the Court, upon reversal of the decree, in determining the question of title to the land, because the decree restoring the lost deed did not take the land away from the infant plaintiffs, and give it to the adverse party, and did not adjudicate the title to, or in any way dispose of, the land. The decree simply restored a muninent of title, without determining its legal effect. Consequently, when the decree is reversed as to the infant plaintiffs, there is nothing which the adverse party received under the decree to be restored. In this respect, this case is wholly unlike the case of *Stewart* v. *Tennant.* There, Tennant purchased and took an interest in land under the erroneous decree. It may be argued that this bill, in addition to being a bill to show cause against the decree restoring the deed, is also a bill to remove a cloud upon the legal title of the infant plaintiffs to an interest in the land, and, therefore, that an adjudication of the title to the land is proper. If the bill could be so treated (which we do not now decide), it could not be maintained by the plaintiffs,

for the reason that they do not show that they are in possession of the land. It is the general and well settled rule that a bill in equity, for the purpose of removing a cloud upon the legal title to land, cannot be maintained by one out of possession. *Carberry* v. *Railroad Co.*, 44 W. Va. 260; *Moore* v. *McNutt*, 41 W. Va. 695; *Christian* v. *Vance*, 41 W. Va. 754; *Smith* v. *O'Keefe*, 43 W. Va. 172; *Davis* v. *Settle*, 43 W. Va. 17; *Freer* v. *Davis*, 52 W. Va. 1; *Sanson* v. *Blankenship*, 53 W. Va. 411; *Mills* v. *Henry Oil Co.*, 57 W. Va. 255; *Logan* v. *Ward*, 58 W. Va. 366; *Whitehouse* v. *Jones*, *supra.* The case of *DeCamp* v. *Carnahan*, 26 W. Va. 839, would seem to hold the opposite doctrine, but on that point that case is practically overruled by *Moore* v. *McNutt*, *supra.* There is one exception to the general rule above stated, and that is, that a bill to set aside a tax deed or a tax sale may be maintained by one out of possession. It is clear to us that, after reversing the decree restoring the lost deed as to the infant plaintiffs, we cannot go farther, and determine the question of title between them and the purchaser in the lien-creditors' suit.

(2) The rights of the three plaintiffs who were adults when the decree restoring the deed was entered. It will be observed that this suit was instituted nearly six years after the decree restoring the deed was entered. Section 7, chapter 132, Code 1906, does not give additional rights or remedies to adult parties to a suit to show cause against a decree therein, or extend the time in which they may do so by any procedure available to them. Adult parties who have waited until the time has passed for any other remedy given them by law to obtain a reversal of a decree for error appearing in the record, are not entitled to join with infant parties in an original bill to reverse the decree for an error appearing in the record. These three adult parties cannot maintain the bill to remove a cloud upon the legal title to the land, because they also are not in possession. It is not perceived that there is any other ground upon which these three adult plaintiffs can maintain this bill, under the pleadings and proofs.

(3) The rights of the two plaintiffs who were adults when this suit was instituted, and were infants when the decree restoring the deed was entered. It does not appear that this suit was instituted within six months after these two plaintiffs

became twenty-one years of age. There is no averment in the bill to that effect. The bill must show their right to show cause against the decree, and must place them within the terms of the statute. *Seymour* v. *Alkire*, 37 W. Va. 302. Therefore, under the allegations of the bill, these two plaintiffs are in no better situation than the three adult plaintiffs who were adults at the time the decree restoring the deed was entered.

We have not considered the demurrer to the bill separately. No point was made in argument on the demurrer, and our disposition of the merits likewise disposes of the questions arising on demurrer. The bill seems entirely sufficient as to the infant plaintiffs, for the purpose of showing error in the decree restoring the deed.

Our conclusion is that the final decree in this suit must be reversed as to the infant plaintiffs, and affirmed as to the adult plaintiffs; and that the decree entered at October term, 1895, in the cause of A. J. Poling against L. C. Poling and others, in effect restoring the deed made by Mary E. Poling to her husband, A. J. Poling, and adjudicating that the decree stand in place of the deed as the evidence of title of said A. J. Poling, and that the decree be recorded, etc., be reversed, set aside and annulled as to the infant plaintiffs in this suit. This decision is without prejudice to any remedy at law to which the plaintiffs are entitled for the purpose of adjudicating the question of title to the land.

*Reversed in Part.*