# CHARLESTON.

BARTH v. SHEPHERD *et als.*

Submitted April 10, 1917.   Decided April 17, 1917.

EQUITY—*Jurisdiction.*

    There is no jurisdiction in equity to remove cloud upon title, if the sole matter in dispute is the location of boundary lines, nor to enjoin an alleged trespass on the disputed land, in the absence of an averment that an action at law is pending, or is about to be brought to determine the title.

Appeal from Circuit Court, Wetzel County.

Ejectment in equity by William Barth against Phoebe Shepherd, George Shepherd, Dudley B. Shepherd, and others. Decree for plaintiff, and defendants George Shepherd and Dudley B. Shepherd appeal.

*Reversed and bill dismissed.*

*E. H. Yost, J. W. McIntire* and *Thos. P. Jacobs,* for appellants.

*Larrick & Lemon,* for appellee.

WILLIAMS, JUDGE:

Ostensibly this is a suit in equity to enjoin trespass to land and remove cloud from plaintiff's title, but in reality it is an ejectment in equity. From a decree granting relief to plaintiff defendants have appealed. A demurrer to the bill, challenging the sufficiency of its averments to show equity jurisdiction, was overruled. Plaintiff's two tracts of land adjoin defendants' tract on the northeast and on the south. The bill deraigns plaintiff's title and avers his actual possession, and also avers that defendants committed acts of trespass, under an alleged groundless claim of title to portions of plaintiff's lands, lying along the boundaries above named, and that the lines dividing plaintiff's land from defendants', at these two points, are common or identical lines. But it shows on its face that the true location of those lines is a matter in dispute between them. The trespass averred is, that defendants tore down the fence which plaintiff had erected on the division line. It is thus apparent from the averments of the bill that the question presented

is one of disputed boundary lines, not determinable by any construction or interpretation of title papers, which is a matter addressed to the court, but depending on evidence of witnesses which no doubt may be conflicting, as it generally is in such cases. That the foregoing is a correct analysis of plaintiff's bill is borne out by the court's decrees entered in the cause. The first order made subsequent to the awarding of the injunction restraining the alleged trespass and before defendants had answered, was one appointing a surveyor to go upon the ground and do such surveying as either party might require, and make report thereof. This was for no other purpose than to determine the true location of the disputed boundary line. It is an unusual order in a suit of this character, but a usual and necessary order in actions of ejectment. Equity does not have jurisdiction to determine disputed boundary lines where that is the only matter involved. *Freer* v. *Davis,* 52 W. Va. 1; *Beatty* v. *Edgell,* 75 W. Va. 252; and *Harman* v. *Lambert,* 76 W. Va. 370. Neither does jurisdiction exist, in such case, to enjoin an alleged trespass to land without an averment that an action at law is pending, or is about to be brought by plaintiff to determine the question of title. *Cox* v. *Douglass,* 20 W. Va. 175, and *Pardee Lumber Co.* v. *Odell,* 71 W. Va. 206.

It matters not, in determining the question of jurisdiction, how well plaintiff may be fortified with proof to establish the true location of his boundary lines, or how feeble may be defendant's proof, it is, nevertheless, a question of fact for a jury. The weakness of defendant's claim will not sustain plaintiff's bill. If from the face of the bill, it appeared that the rights of the parties could be ascertained from their respective title papers, then equity jurisdiction to remove cloud would exist, for the matter would then present a question of law for the court. *Bradley* v. *Swope,* 87 S. E. 86. But the bill in this case clearly shows the necessity of going to the country for proof to determine and establish plaintiff's rights, and this proves lack of jurisdiction in equity to entertain the suit. We, therefore, reverse the decree and dismiss plaintiff's bill for want of jurisdiction in equity.

*Reversed and bill dismissed.*