# CHARLESTON.

McDonald *et al. v.* Boggs *et al.*

Submitted September 3, 1924.    Decided September 23, 1924.

Boundaries—Injunction—*Suit to Remove Cloud Not Maintainable if Sole Dispute Concerns Boundary Location; Equity Will Not Entertain Suit to Enjoin Trespass on Disputed Land in Absence of Averment of Pending or Contemplated Law Action to Determine Title.*

Equity will not entertain a suit to remove cloud upon title to real estate, if the sole matter in dispute is the location of boundary lines, or to enjoin an alleged trespass on the disputed land, in the absence of an averment that an action at law is pending or is about to be brought to determine the title.

(Boundaries, 9 C. J. § 281; Injunctions, 32 C. J. § 200 [1926 Anno]).

Note: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.

Certified Question from Circuit Court, Calhoun County.

Suit by Tell McDonald and others against G. A. Boggs and others. Demurrer to the bill was overruled and the question certified.

*Demurrer sustained and cause remanded.*

97 W. Va.

*S. P. Bell,* for defendants.

Litz, Judge:

The plaintiffs by bill in equity seek the removal, as a cloud upon their title to real estate, of a deed under which defendants G. A. Boggs, Ray Boggs, Vietta Brannon, Lulu Boayers, James Francis Boggs, Gay Boggs and D. E. Burrows, assert ownership of portions of said land.

The bill alleges that subject to the outstanding ownership of certain of the mining rights and 10 acres of the surface, the plantiffs are the owners of a tract of 103 acres of land, situate on the waters of Pine Creek, in Center District, Calhoun County, West Virginia; which ownership is founded upon a chain of title emanating from a deed of conveyance dated December 16, 1889, from Emory Ball to Solomon W. Gainer, plaintiff's predecessor in title, and adversary possession thereunder. It is further alleged that within recent months the defendants above named have been claiming title to portions of said 103 acres of land under a deed of conveyance, dated September 11, 1894, from Thomas B. Ammon to Pruda E. Boggs, the ancestor of said defendants; that the said defendants, in the assertion of such claim, by forcible entry, have torn down the fencing, cut and appropriated the hay, and threaten to sever and remove the timber on said land.

The bill prays for an injunction against the further trespass of the said defendants, and for the cancellation of the deed from Thomas B. Ammon to Pruda E. Boggs, in so far as it affects or constitutes a cloud upon the title of plaintiffs.

The case has been certified from the action of the circuit court overruling the demurrer to the bill.

The defendants G. A. Boggs, Ray Boggs, Vietta Brannon, Lulu Boayers, James Francis Boggs, Gay Boggs and D. E. Burrows, urge as ground of demurrer that the purpose of the suit, disclosed by the bill, is to try disputed boundary lines to real estate. This of course cannot be done in equity. The rule is not changed by a prayer for an injunction against alleged trespass by the defendants on the disputed land, in the absence of an allegation that an action at law is pending,

or is about to be brought to determine the title. No such averment is made. "There is no jurisdiction in equity to remove cloud upon title, if the sole matter in dispute is the location of the boundary lines, nor to enjoin an alleged trespass on the disputed land in the absence of an averment that an action at law is pending, or is about to be brought to determine the title." *Barth* v. *Shepherd,* 80 W. Va. 218; *Freer* v. *Davis,* 52 W. Va. 1; *Beatty* v. *Edgell,* 75 W. Va. 252; *Harman* v. *Lambert,* 76 W. Va. 370.

The bill does not allege that the deed under which the defendants claim covers any portion of the land to which the plaintiffs assert ownership, but inferentially denies the alleged claim of defendants to this effect, so that the controversy necessarily involves disputed boundary lines. Furthermore, if this deed does not in fact include any of the land in question, as the bill impliedly avers, the mere verbal assertions of ownership by said defendants will not confer jurisdiction upon a court of equity to remove the deed as a cloud upon plaintiff's title. *Devine* v. *Los Angeles,* 202 U. S. 313.

The demurrer to the bill should have been sustained.

*Demurrer sustained and cause remanded.*