FLYNN COAL & LUMBER COMPANY *et als. v.* F. W. WHITE LUMBER CORPORATION *et als.*

(No. C.C. 433)

Submitted February 25, 1931. Decided March 10, 1931.

*A. N. Breckenridge*, for plaintiffs.
*Emmett Horan*, for defendants.

LIVELY, JUDGE:

The court, on demurrer, sustained the bill as sufficient, and certified its ruling for review.

Flynn Coal & Lumber Company (hereinafter called "Flynn" for brevity) owns the land, and Birch Valley Lumber Company owns the timber, 12 inches and up in diameter, measured two feet above the ground, on a tract of 202¼ acres in Summersville District in Nicholas County deeded to the former by metes and bounds in 1912, by John D. Corbett. The bill charges that Flynn since that date has had actual, open, notorious, adverse and exclusive possession thereof and has paid all taxes assessed thereon; and in the year 1928 sold to Birch Valley Lumber Company the timber thereon 12 inches and up in diameter, measured two feet above the ground outside the bark. It further charges that W. F. White Lumber Corporation has been cutting, without authority or right, the timber on said land and unless enjoined from so doing will denude the land of all the timber thereon to the irreparable damage of Flynn and its vendee. It is averred that White Lumber Corporation (hereinafter called "White" for brevity) is a trespasser on said land; but that plaintiffs are informed that White is pretending to claim the timber under some kind of contract or conveyance from defendants, W. C. and J. B. Duffy, although no writing between them has been recorded in the county clerk's office, and the nature of their claim is unknown to plaintiffs; but that plaintiffs' claim is superior to the claim of any one. The bill further sets out that in 1929 White asked for and obtained permission from Flynn to use a portion of the cleared land on the 202¼-acre tract for manufacturing timber, and also for transporting timber from lands adjoining, and also to store lumber, with the distinct understanding that no timber was to be cut on said 202¼-acre tract, and that should a dispute arise as to plaintiff's boundary lines, then White would only cut from adjoining land up to plaintiff's lines as described in its deed and marked on the ground, and that any timber within plaintiff Flynn's lines claimed by owners of adjacent tracts was to be left uncut until the dispute over title was determined, the consideration being, among other considerations, that White would, and did, obtain permission for plaintiffs to transport their timber over adjoining lands then owned by defendants, W. C. and J. B. Duffy.

It is charged that White has breached this agreement by cutting timber within plaintiff's lines of the 202¼-acre tract, and should be denied further use of plaintiff's land while the trespasses continue.

Plaintiffs further aver that the circuit court has jurisdiction and authority under section 1, chapter 36, Acts 1929, to determine the right, title and interest of the parties to the land described, and to set aside and annul any deed or contract given to White by the Duffys for any timber lying inside of plaintiff's lines as a cloud on plaintiff's title, and should determine all questions of title with respect thereto without requiring an action of ejectment. They say, if required to do so, they will bring an action of ejectment, but claim that under said statute, they are not required to do so. They pray that all questions concerning the title to the land and timber within their lines be determined; that White be required to disclose its contract or deed or other writing by which it claims, to cut timber within said lines, and that the same when exhibited be cancelled as a cloud on plaintiffs' title; that damages for timber already cut be ascertained, and defendants be enjoined from further cutting or removing timber or lumber cut from plaintiff's land pending this suit, and from further using plaintiff's land pending suit, and for general relief.

Defendants demurred to the bill assigning as a ground therefor that plaintiffs do not allege that they have begun or intend to institute a suit in ejectment to settle the title to the land in controversy.

An inspection of the bill, the allegations of which must be taken as true on demurrer, shows that plaintiff is the legal owner of the 202¼-acre tract involved and is in possession thereof; that the only right which defendant White has to the land is the permission agreement that it may use the cleared portion for manufacturing timber from timber of other tracts and for transmission thereover of timber and lumber from other tracts—an easement thereon; that defendant may have some kind of contract or deed for some of the timber on the 202¼-acre tract not of record, but which, of whatever kind, is inferior to plaintiff's title and is a cloud

thereon; that defendant White is cutting timber on plaintiff's land without authority or right to the irreparable damage of plaintiffs; that defendant White has breached its agreement for easement; and therefore the cutting of the timber should be enjoined, and the easement annulled. The bill charges that the court has the right under the 1929 statute to determine all questions of title which may arise without resorting to ejectment, but that if so required by the court plaintiffs will institute such action. We interpret the bill as one to remove cloud from title. It is quite well settled that those who have clear legal and equitable title to land coupled with possession can invoke a court of equity to give them peace and remove a cloud from their title. *Hitchcox* v. *Morrison*, 47 W. Va. 206; *Smith* v. *O'Keefe*, 43 W. Va. 172; *Moore* v. *McNutt*, 41 W. Va. 695. Prior to 1929, one who had legal title without possession could not maintain his suit in equity to remove cloud against an adverse claimant in possession. He had to resort to the action of ejectment. *Sansom* v. *Blankenship*, 53 W. Va. 411. It is true that in *De Camp* v. *Carnahan*, 26 W. Va. 839, it was held otherwise; but that holding was overruled in *Poling* v. *Poling*, 61 W. Va. 78, and criticised in *Moore* v. *McNutt, supra*, as being against weight of authority. The statute of 1929 was designed to, and does, change that rule of procedure firmly pronounced in the Virginias, so that a bill to remove cloud need not aver, nor is plaintiff required to prove, that plaintiff is in actual possession of the land. We can see no need of the allegation in the bill setting up the act of 1929, the substance of which is carried into Revised Code 1931, 51-2-2, for the bill avers that plaintiff is in actual possession of the 202¼ acres involved.

The interpolation in the bill of the provisions of that statute and the legal conclusions are gratuitous and cannot affect the jurisdiction of the court to entertain a pure bill for removing cloud. We have before us only the sufficiency of the bill, and we conclude that the bill is not demurrable, being a bill for removing cloud, a matter cognizable in equity. Argument that there is a dispute over the location of lines, and that there is an interlock, is beside the mark, for we find nothing of that nature in the bill. We cannot look to

the answer, in passing upon the .demurrer to the bill. The application of the statute of 1929, as carried in the Revised Code of 1931, in the progress of the case may arise, in so far as the statute relates to the determination of questions of title with respect to the suit to remove cloud. But that stage of the case has not been reached, and, of course, no determination or ruling had. Should the case in its development be shown to be a case properly cognizable by a law court, perhaps it would not be improper to direct attention to the case of *Davis* v. *Settle,* 43 W. Va. 17, and the observations made therein by JUDGE BRANNON.

The ruling of the court in overruling the demurrer to the bill is affirmed.

*Ruling affirmed.*