POCAHONTAS COAL & COKE COMPANY *v.* R. L. BOWER *et al.*

(No. 7096)

Submitted February 23, 1932.    Decided March 15, 1932.

M. P. Howard, A. W. Reynolds, and Theodore W. Reath, for appellant.

John R. Pendleton, for appellee R. L. Bower.

MAXWELL, JUDGE:

This is a suit to cancel certain deeds as clouds on plaintiff's title. The circuit court, though expressing an opinion that the lines and corners contended for by the plaintiff are correct, dismissed the bill, without prejudice, because it was of opinion that there is presented an issue of fact depending upon conflicting testimony; that such issues are properly determinable only in an action of ejectment; that the plaintiff, not alleging and proving possession, cannot maintain this chancery suit; and that Chapter 36 of the Acts of the Legislature of 1929 (Code 1931, 51-2-2) authorizing suits in equity to remove clouds without requiring allegation or proof of actual possession, is unconstitutional and void.

Defendant Wiley Bower made no appearance to the bill.

Of the several tracts of land which enter into the consideration of this case, the most northerly is the Wiley Phillips patent of 75 acres which lies in an elongated and irregular shape on both sides of Guyandot River, the general course of which at this point is from east to west; contiguous to the southern boundary of said tract is a tract of 76 acres known as School Section No. 113, which extends, generally speaking, in a long narrow strip east and west; adjoining said school section on the south is School Section No. 266 containing about 400 acres. Through mesne conveyances plaintiff claims title in fee to the 76 acre tract under a deed therefor made by Wiley Phillips and wife to Clark and others, trustees, July 27, 1886. Fifteen acres of the southwestern portion of the said patent tract, adjoining School Section No. 113 on the

714

north, was conveyed by Wiley Phillips and wife to G. W. Day & Company, May 20, 1887. In 1890 this was conveyed to defendants R. L. Bower and Wiley Bower. Plaintiff also owns School Section No. 266.

In 1929 the defendants exchanged deeds between themselves partitioning the said 15 acre parcel, with outside boundaries as claimed by them. They claim about 35 acres instead of 15. The lower portion of their claim, that part which was assigned to R. L. Bower in the partition, is asserted by the plaintiff to lie almost entirely within School Section No. 113, and a small part in School Section No. 266. The northern portion, assigned to Wiley Bower, is asserted by plaintiff to overlap in small measure the said School Section No. 113. It is for the purpose of cancelling the said partition deeds as clouds upon its title that the plaintiff has instituted this suit.

The beginning corner and the first two calls of the patent are as follows: ''Beginning at two wild cherry trees, a walnut and six buckeyes on the bank of said fork at the lower end of the bottom below Joe's branch Thence S. 20 E. 48 poles to two sugar trees and beech on the foot of a hill S. 65 E. 98 poles to three magnolias on a hill side above said branch * * *.'' The said School Section No. 113 has the same beginning corner, and the last two lines of the said school section are the same as the first two lines of the patent, reversed. In the said deed from Wiley Phillips and wife to Day & Company, May 20, 1887, the beginning corner and the first two lines of the 15 acre tract are as follows: ''Beginning on two wild cherries a walnut and six buckeyes on the bank of said river, at the lower end of the bottom below the mouth of Joe's Branch (South side of said Guyandot River) S. 20 E. 48 poles to a sugar tree and birch on the foot of hill S. 65 E. 98 poles to three Magnolias on a hill above said branch * * *.''

It is the contention of the plaintiff that the said two lines not only form the southwestern boundary of the 15 acre parcel, but that said lines to the full extent of the first one and to the extent of the length of the second are coincident with the first two lines of the patent and the last two lines of

School Section No. 133; that with the lines thus defined there can be no question that the Bower 15-acre parcel lies entirely without School Section No. 113.

The location of the above mentioned beginning corner of the several tracts is definite. To sustain their above stated contention, the defendants, instead of running their first line S. 23 E. 48 poles to a sugar and beech as called for in their said deed from G. W. Day and others (being two sugars and a beech in the patent), ran the said line S. 26° 50″ W. 45-6/10 poles to two beeches and a sugar, and their second line, instead of running S. 65 E. 98 poles as called for in their said deed, they ran S. 47° 52″ E. 131-8/10 poles. It will be noted that the first line now claimed varies from the first line of the deed and the patent about 46°, and that the second varies about 12°. When the surveyor who ran the lines for the defendants was asked on cross-examination why he did not run the first line on the original bearing, he answered: "I was governed by a report of a surveyor prior to my work, of that bearing going to this beech and sugars." When asked who was that surveyor, he said: "I don't know him. * * * I was only furnished the paper." When interrogated as to why he did not run that line on the original bearing, he said: "I was only asked by Mr. Bowers to run these outside lines as shown on the map." By employing the two lines as thus run, the defendants are enabled to account for the entire 35 acres which they claim, though in so doing they overlap a large portion of School Section No. 113 and a small portion of School Section No. 266.

The defendant's justification for running these two lines in the manner indicated is, first, that in 1884, and again about 1894, Wiley Phillips pointed out these two lines and the corners to which they run as the proper boundaries on the southwest of the Wiley Phillips patent, and, second that the defendants and their predecessors have been in possession of the said land, as bounded on the southwest by the two lines claimed by defendants, for about forty years. Whatever Wiley Phillips may have pointed out and said with reference to those lines and the corners to which they run, the rights of the parties can in no wise be affected thereby in the face

of his above mentioned deed of May 20, 1887, to G. W. Day & Company for the 15 acre tract. He therein definitely defined these lines. His inconsistent statements either prior to or subsequent to the execution of that deed cannot of course overthrow his solemn instrument.

Now as to possession. There is evidence on behalf of defendants of their use and occupancy of the land up to the two southwest lines as claimed by them; that it was partly cleared and crops grown thereon; that they fenced it along a portion of said lines and maintained said fences for many years. But giving this testimony a consideration most favorable to the contention of the defendants, we are unable to perceive on what basis they can successfully assert that they had uninterrupted possession for the period of ten years necessary to ripen a claim based on such possession.

Wiley Bower did not occupy the land himself at all. Robert L. Bower testifies that he did not live on this land which is now claimed by defendants but that he lived just above it on Guyandot River at the mouth of Long Branch; and says further with reference to the land in dispute: "I cleared it, I reckon, in 1894 and cultivated it until the time I left in 1903." Defendants do not undertake to show that they have been in possession subsequent to 1904. But in our judgment the question of possession is not here controlling or important.

Possession alone cannot ripen into title. It must be based on color or claim. The defendants say that the deed of G. W. Day and others to them in 1890 gave them color of title. We reply that this cannot be true. The deed gave them title to the land to the extent of the definite boundaries fixed by the deed, but it did not operate as color of title for any land beyond those boundaries. Taking the two southwestern lines of the said 15-acre tract as fixed in the said last mentioned deed, there is no overlapping of the Wiley Phillips tract of 75 acres and the School Section No. 113; the said school section remains unimpaired in its acreage and there is no invasion of School Section No. 266. But to accept defendants' contention as to the two southwestern lines of the said tract which was conveyed to them by G. W. Day and others, they not only would have 35 acres instead of 15, but the whole western

portion of School Section No. 113 would thereby be wiped out and there would be a serious encroachment upon School Section No. 266.

Plaintiff relies on the fact that Wiley Phillips was the common grantor of both the plaintiff and the defedants, and that the deed under which the plaintiff claims, namely, the deed of Wiley Phillips and wife to Clark and others, trustees, July 27, 1886, for School Section No. 113, is senior to the deed of the said grantor to G. W. Day and others, May 20, 1887, for the 15-acre tract; and that even if the 15-acre tract as thus conveyed did overlap and interlock with the School Section No. 113, the earlier of the two conveyances made by Wiley Phillips would control, and thereby destroy any possible basis the defendants might have for their present contention. To meet this position, defendants say that while it is true the deeds bore dates in the order just recited, they in fact claim under an older title because L. G. Day, assignor of G. W. Day and others, purchased the said 15-acre tract of Wiley Phillips in 1884 or 1885, under a title bond, and in that manner held the same until the deed was made to his assignees in 1887. Very little is said in evidence about this title bond. It does not seem to have been recorded; it was not offered in evidence. Its absence was not accounted for, nor its contents proved. In fact, the evidence does not even disclose that possession of the land was taken and held under the bond. In the absence of a showing of recordation of the bond or of occupancy under the bond, there can be no manner in which a claim predicated on the bond can be said to have been brought to the attention of the grantees of Wiley Phillips in 1886. We do not perceive that the fact that there was such bond has any significance in this suit.

From every consideration, we are forcibly impressed with the soundness of the trial chancellor's finding that the above mentioned first two lines of the Wiley Phillips patent of 75 acres constitute the correct southwestern boundary between the 15-acre tract of the defendants and the School Section No. 113 of the plaintiff, and that the Bower partition deeds in so far as they encroach upon those lines constitute clouds upon the title of the plaintiff. We think that the soundness

of this conclusion is demonstrated beyond peradventure by the title papers of both parties, and that the defendants have wholly failed to establish title by adverse possession.

But the trial court dismissed the bill because of want of jurisdiction. In this we think the learned chancellor erred. Why do the vain thing of requiring a trial by jury in an action of ejectment, when, if a verdict should be returned for the defendants, it could not possibly be sustained as a matter of law? The plaintiff's title both legal and equitable seems clear.

As the law of this commonwealth for a long time stood, one having a clear legal and equitable title to land, with actual possession thereof, had the unquestioned right to equitable relief from clouds on his title. *Hitchcox* v. *Morrison*, 47 W. Va. 206 34 S. E. 993; *Lumber Co.* v. *Lumber Corp.*, 110 W. Va. 262 157 S. E. 588. That law remains the same save only that by virtue of legislative enactment, Chapter 36, Acts of the Legislature of 1929 (Code 1931, 51-2-2), bills in chancery for the purpose of obtaining such relief may be maintained without the plaintiff's being in possession. We held in the case of *Lumber Co.* v. *Lumber Corp.*, *supra*: "Equity will take jurisdiction to remove cloud from title to real estate where the complainant has clear legal title coupled with possession. If he does not have possession, the bill will be entertained under chapter 36, Acts 1929 (Revised Code 1931, 51-2-2)." As indicated in that case, we do not construe this statute as in any sense embodying a legislative intent to substitute for the time-honored common law action of ejectment a chancery proceeding for removal of cloud, or to extend equity jurisdiction to such cases. Where conflicting claims of title depend upon issues of fact arising out of issuable matters, resort must be had to ejectment. And in such situations, it does not matter how well fortified the plaintiff may be with proof, or how weak may be the proof of the defendant, the latter is entitled to a common law jury trial. *Barth* v. *Shepherd*, 80 W. Va. 218, 92 S. E. 317. The right of trial by jury in common law actions is preserved by our constitution. Constitution of West Virginia, Article III, section 13. But where the facts relied upon by a claimant to

land are not such as to afford basis for a jury verdict in his favor, a denial to him of a jury trial is not a violation of any constitutional right possessed by him. In such case, any instrument under which he may assume to claim title is a mere cloud upon the title of the true owner.

A suit in chancery to remove cloud on title is in no sense tantamount to an action in ejectment to try title. The distinction is clear and has been carefully maintained throughout the decades. The Act of 1929 does not destroy this distinction. It declares in effect, that, whereas, formerly a suit to remove cloud could be maintained only where the plaintiff was in actual possession, it may now, by virtue of the act, be maintained though he be not in actual possession. As to any case the determination of which would depend upon issues of fact cognizable in the common law action of ejectment, a legislative attempt to transfer such matter to a court of equity would have to be weighed and adjudged in the light of the constitutional guaranty to which reference has been made in this opinion.

Being of opinion that the trial chancellor was in error in dismissing the plaintiff's bill, we reverse the decree of dismissal and enter here a decree cancelling in its entirety the deed of April 24, 1929, of Wiley Bower and wife to Robert L. Bower purporting to convey 20 acres, as a cloud upon plaintiff's title to School Sections Nos. 113 and 266, and cancelling the deed of said date of Robert L. Bower to Wiley Bower, purporting to convey 10 acres, in so far as the same laps upon and interlocks with the said School Section No. 113, as clouds upon plaintiff's title.

*Reversed and rendered.*