D. T. STICKLER *et al. v.* JACOB BAYS

(No. 8169)

Submitted September 24, 1935. Decided October 1, 1935.

*A. N. Breckinridge* and *John L. Detch,* for appellant.
*W. G. Brown,* for appellees.

MAXWELL, JUDGE:

This is a chancery suit to enjoin trespass to real estate and

to establish a division line. From a decree sustaining the prayer of the bill, the defendant appeals.

The plaintiffs' ancestor and the defendant acquired their respective properties from the same grantor. The defendant received his deed in 1882, the plaintiffs' ancestor in 1883. The parcels are separated by a division line of about 112 poles extending approximately north and south, the plaintiffs' land being to the east thereof and defendant's to the west. The location of the southern terminal of this line is not in dispute, but the parties differ as to its northern terminal. The plaintiffs contend that the true course is due north; the defendant that it is north 8 degrees 45 minutes east. The distance between the controverted northern terminals is 208 feet. An area of about five acres is involved in the dispute.

A preliminary inquiry of basic importance is whether equity has jurisdiction of a controversy such as the one here presented. The law is settled in this jurisdiction that, in vindication of mere legal rights, the power of a court of equity may not ordinarily be invoked to enjoin trespass to real estate, establish division lines, or quiet title. "A court of equity has no jurisdiction to settle the title and boundary of lands between adverse claimants, when the plaintiff has no equity against the party claiming adversely to him." *Freer* v. *Davis,* 52 W. Va. 1, 43 S. E. 164, 59 L. R. A. 556, 94 Am. St. Rep. 895.

In this field of litigation, there are only two classes of cases cognizable in equity. The first is where the title is in dispute and the plaintiff alleges that his land is being subjected to trespass and that an action in ejectment is pending or is about to be instituted for legal determination of the disputed title. In such situation, by way of ancillary relief, equity will enjoin the alleged trespass and preserve the status quo until the title shall have been settled at law. *Myers* v. *Bland,* 77 W. Va. 546, 549, 87 S. E. 868; *Barth* v. *Shepherd,* 80 W. Va. 218, 92 S. E. 317; *McDonald* v. *Boggs,* 97 W. Va. 201, 124 S. E. 680; *Gas Co.* v. *Oil & Gas Co.,* 107 W. Va. 255, 257, 148 S. E. 76. The second class of cases involving title and trespass wherein equity will exercise jurisdiction is that in which the plaintiff has clear and unqualified legal title to the land which

he claims. In such situation, equity will not require the plaintiff to resort to ejectment but will enjoin trespass or cancel cloud on title. *Ephraim Coal & Coke Co.* v. *Bragg,* 75 W. Va. 70, 83 S. E. 190; *Gas Co.* v. *Townsend,* 104 W. Va. 279, 139 S. E. 856; *Lumber Co.* v. *Lumber Corp.*, 110 W. Va. 262, 157 S. E. 588; *Pocahontas Coal Co.* v. *Bower,* 111 W. Va. 712, 718, 163 S. E. 421.

In the case at bar there is no allegation of the pendency or contemplated institution of an action in ejectment to determine the title.

And, though the allegations of the bill tend to show clear title in the plaintiffs, this is denied by the defendant in his answer, and the evidence discloses that the parties are not without basis for sharp controversy as to the proper location of the disputed division line. Evidentiary matters other than those set forth by the plaintiffs in their bill must be considered in order to reach a proper determination of the controversy. There are pronounced elements of uncertainty as to the location of the northern terminal of the division line and consequently of its bearing and location. Equity can not assume to determine a controversy of that sort; if it did, it would arrogate to itself an unwarranted and unestablished jurisdiction.

For the reasons presented, we reverse the decree of the trial chancellor and remand the cause.

*Reversed and remanded.*