C. P. HENLINE *et al. v.* HENRY MILLER *et al.*

(CC 556)

Submitted April 7, 1936. Decided May 13, 1936.

*H. Roy Waugh,* for plaintiffs.

*Young, McWhorter & Young,* for defendants.

KENNA, JUDGE:

This case was brought in the Circuit Court of Upshur County by C. P. Henline and Lelah Henline against Henry Miller and Georgia Miller. The purpose of the suit was to enjoin the defendants, as the owners of a parcel of one acre and two and four-tenths poles of land, from trespassing upon a tract of thirteen and nine-tenths acres of land owned by the plaintiffs, adjoining the smaller tract. The defendants demurred to the plaintiff's bill, and after their demurrer was overruled, filed their answer. A demurrer to the answer was interposed and overruled, whereupon, the circuit court, on its own motion, certified to this court the questions arising upon the demurrer to the bill, as well as those arising upon the demurrer to the answer.

The bill of complaint alleges that on January 15, 1915, A. G. Karickhoff conveyed to H. W. Karickhoff a parcel of one acre and two and four-tenths poles together with a right-of-way over the remaining land of the grantor, being a tract of thirteen and nine-tenths acres, twelve feet wide and extending from the land conveyed to the Clarksburg Pike along the line between the grantor's

remaining land and that of A. G. Post. The bill further alleges that on the 15th day of September, 1921, A. G. Karickhoff conveyed to H. W. Karickhoff the tract of thirteen and nine-tenths acres over which the right-of-way appurtenant to the tract of one acre, two and four-tenths poles was reserved.

The bill of complaint further alleges that by mesne conveyances, describing each of them fully, the tract of thirteen and nine-tenths acres has become vested in the plaintiffs and the tract of one acre, two and four-tenths poles has become vested in the defendants, who reside thereon. These conveyances are described as containing certain reservations of the coal underlying the tracts, but with these reservations we are not here concerned.

The bill of complaint goes on to allege that the defendants, owners of the tract of one acre and two and four-tenths poles, have appropriated to their use, without right, a right-of-way over the thirteen and nine-tenths-acre tract that has nothing to do with the right-of-way granted as appurtenant to the tract of one acre, two and four-tenths poles, that the right-of-way being used by the defendants is not located as was the original right-of-way so granted, along the line between the thirteen and nine-tenths-acre tract and the land of A. G. Post but that the right-of-way actually in use is located entirely differently. The bill goes on to allege that unless enjoined, the defendants will persist in their continuous trespass over the land of the plaintiffs, and that the defendants have threatened to tear down and remove any fence or obstruction to their use of the right-of-way so appropriated by them that the plaintiffs may construct. The bill of complaint prays for an injunction to prevent the use by the defendants of the right-of-way so appropriated by them, and for general relief.

By demurrer to the bill, the defendants assign five grounds all of which except one turn upon the question of irreparable injury. The first is that the plaintiffs have an adequate remedy at law, the second, that no irreparable injury is alleged, the fourth, that the insolvency of

the defendants is not alleged, and the fifth that there is no equity in the plaintiff's bill. These grounds of demurrer all rest upon the proposition that a simple trespass to land will not be enjoined. But here we have the allegation of repeated and continued trespasses.

The rule in West Virginia with reference to the right to invoke injunction to prevent continuing trespasses upon land is not entirely free from confusion. In the case of *Schoonover* v. *Bright,* 24 W. Va. 698, this court held that where the title of the plaintiff was in dispute, even though it was averred that he purposed immediately to institute an action in ejectment, the cutting and removing of timber would not be enjoined. The case lays down the proposition that before a trespass will be restrained in a court of equity, two conditions must unite. First, the plaintiff's title must be undisputed, and second, the injury complained of must be irreparable in its nature. The statement of the basis of decision in this case makes it doubtful whether the injunction was dissolved because no irreparable injury was shown, even though relief was sought against the cutting and removing of timber, or whether the dissolution of the injunction was because of the fact that the plaintiff's title was in dispute, even though the bill alleged that an action in ejectment was about to be instituted. It would seem, however, that since that time, the cutting of timber in this state has been definitely established as a thing that may be enjoined in a court of equity. *Pardee* v. *Camden Lumber Co.,* 70 W. Va. 68, 73 S. E. 82, 43 L. R. A. (N. S.) 262; *Waldron* v. *W. M. Ritter Lumber Co.,* 70 W. Va. 470, 74 S. E. 687; *Electro Metallurgical Co.* v. *Montgomery,* 70 W. Va. 754, 74 S. E. 994; *Kunst* v. *Mabie,* 72 W. Va. 202, 77 S. E. 987.

It would seem further that it has also been definitely established in this state that a trespass will be enjoined in equity, even with the plaintiff's title in dispute, where the relief is sought ancillary to a pending action at law or to an action at law immediately to be brought. *Myers* v. *Bland,* 77 W. Va. 546, 549, 87 S. E. 868; *Barth* v. *Shep-*

*herd,* 80 W. Va. 218, 92 S. E. 317; *McDonald* v. *Boggs,* 97 W. Va. 201, 124 S. E. 680; *United Gas Co.* v. *Oil & Gas Co.,* 107 W. Va. 255, 257, 148 S. E. 76. The foregoing cases are all cited in our recent case of *Stickler* v. *Bays,* 116 W. Va. 463, 181 S. E. 717, where the rule in question is discussed.

The rule that a simple trespass will not be enjoined in a court of equity unless it is shown to result in destruction of the inheritance itself or that the injury from it is irreparable, is discussed in the earlier West Virginia cases of *Cresap* v. *Kemble,* 26 W. Va. 603; and *Cox* v. *Douglas,* 20 W. Va. 175. In the later case of *Lazelle* v. *Garlow,* 44 W. Va. 466, 30 S. E. 171, the court cited with approval both the *Schoonover* case and the *Cresap* case, and held, upon facts which seem to show that defendant was guilty of continuing and repeated trespasses on the plaintiff's land, that because the pleadings and proof showed that the title of the plaintiff was in dispute, the injunction should be dissolved. The point just stated seems to have been the basis of decision, but the opinion contains discussion to the effect that an injunction to restrain trespass should in no case be granted where the insolvency of the defendant is not averred, or where it is not shown that the act of trespass will result in destruction of the inheritance in the land of the plaintiff.

In spite of the trend of these earlier West Virginia cases, however, this court has more recently, without, perhaps regrettably, expressly overruling any of its former decisions, fallen in line with the more modern trend to the effect that repeated or continuing trespasses shown to result in an interference with the right of the plaintiff to enjoy his land in the purposes for which it is intended, may be enjoined upon a showing of clear title or as ancillary to an action at law pending or immediately to be brought. For a general discussion of the trend of modern law in this respect, see 14 R. C. L., p. 455, *et seq.* Among the West Virginia cases following this trend are *Coal & Coke Co.* v. *Bragg,* 75 W. Va. 70, 83 S. E. 190, where the erection of a building on the

land of the plaintiff by the defendant was enjoined; and *Dorsey* v. *Dorsey*, 109 W. Va. 111, 153 S. E. 146, where the transportation of timber across the plaintiff's land was enjoined and the rule was distinctly stated that continuing (repeated) trespasses upon land may be enjoined. See also the discussion in *Stickler* v. *Bays*, 116 W. Va. 463, 181 S. E. 717, heretofore referred to.

On the basis of the foregoing discussion, and considering the fact that the bill seeks to enjoin repeated trespasses, shows no dispute as to boundary lines and avers a clear and valid title in the plaintiff, we are of the opinion that the bill of complaint here is sufficient on demurrer. This certified question is so answered.

The answer filed by the defendants admits the averments of title contained in the plaintiff's bill; it denies the allegation that the defendants are wrongfully using a right-of-way over the thirteen and nine-tenths acres; it admits that they are using the right-of-way as alleged in the plaintiff's bill, but alleges that it is not the right-of-way originally granted as an appurtenance to the one acre, two and four-tenths poles tract of land, and states that the defendants are using the re-located right-of-way with full right and title thereto. The answer goes on to allege that soon after the conveyance that A. G. Karickhoff made to his son, H. W. Karickhoff, of the tract of one acre, two and four-tenths poles, in the spring of 1915, A. G. Karickhoff and H. W. Karickhoff verbally agreed to change the location of the right-of-way that had been granted, and that pursuant to that agreement, the granted right-of-way was changed to its new location upon the roadway now traveled by the defendants, which was constructed long before the conveyance of the tract of thirteen and nine-tenths acres to H. W. Karickhoff. The answer alleges that the right-of-way in its present location has been in use by the defendants and their predecessors in title for a period of more than fifteen years, with the full notice and knowledge of the plaintiffs who have resided since 1920 upon a tract of one acre adjoining the tract of thirteen and nine-tenths acres; that

the right-of-way as originally granted in connection with the tract of one acre and two and four-tenths poles has never been used, and that the plaintiffs have always been upon notice of that fact. The answer goes on to allege that at one time the plaintiffs furnished stone which was used in repairing the right-of-way over the thirteen and nine-tenths-acre tract, and that these plaintiffs have stood by knowingly and permitted the defendants to expend a large amount of time and labor in the repair of that right-of-way. The answers pray that the defendants may be dismissed at their reasonable costs.

We are of the opinion that this answer does not meet the allegations of the bill of complaint. It appears from the bill of complaint, and is admitted by the answer, that after the establishment of the right-of-way over the thirteen and nine-tenths-acre tract as appurtenant to the tract of one acre, two and four-tenths poles, whether that establishment be regarded as created by the deed, or whether it be regarded as created by the verbal agreement alleged to have been made between A. G. Karickhoff and H. W. Karickhoff in the spring of 1915, H. W. Karickhoff, on September 15, 1921, became vested with the title to the thirteen and nine-tenths-acre tract. The conveyance by which H. W. Karickhoff became the owner of the tract of thirteen and nine-tenths acres was made at a time when he was also the owner of the tract of one acre, two and four-tenths poles. This common ownership of both the dominant and servient estate had the effect of extinguishing the right-of-way. *Pingley* v. *Pingley*, 82 W. Va. 228, 95 S. E. 860; *Perdue* v. *Ballangee*, 87 W. Va. 618, 105 S. E. 767. The user of the roadway during this period of ownership of both of the tracts of land by H. W. Karickhoff did not operate to perpetuate or preserve the right-of-way. An owner of land cannot claim adversely to himself, and undoubtedly he cannot own a right-of-way over his own land. The two parcels of land continued to be owned by H. W. Karickhoff until the foreclosure of the trust deed on the smaller tract he had made to Hymes, trustee, on January 30, 1933, when

that tract was sold to the Upshur Loan Association. It does not appear from this record whether this conveyance purported to pass the right-of-way over the thirteen and nine-tenths-acre tract or not. H. W. Karickhoff was the owner of the thirteen and nine-tenths-acre tract at the time he made the deed of trust, and if, in that deed of trust, a right-of-way over the thirteen and nine-tenths-acre tract of land was granted in such terms as that it could be construed as a grant of a new right-of-way, or more properly speaking, a new grant of the old right-of-way, then the right of the defendants to travel over the right-of-way so granted perhaps might be defended. However, this question is not raised, and, apparently, it would have nothing to do with the right-of-way at present being used by the defendants. It is likely that if such a question exists, it relates to the right of the defendants to use the right-of-way originally granted as an appurtenance to the one acre, two and four-tenths poles tract, that is to say, the right of way along the line between the thirteen and nine-tenths-acre tract and the land of A. G. Post. The discussion of this possibility may have no place in this opinion inasmuch as the right of the defendants to use the right-of-way as originally granted and as described in the deed for the one acre, two and four-tenths poles tract from A. G. Karickhoff to H. W. Karickhoff does not seem to be raised. We advert to the question only for the purpose of clarifying, if we can, the issues raised by the pleadings in this case.

On the basis of the foregoing discussion, we are of the opinion that the Circuit Court of Upshur County erred in overruling the demurrer to the defendants' answer. It should have been sustained. The question on this certification is accordingly answered.

*Affirmed in part; reversed in part.*