<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 08-1472**

---

GMO FORESTRY FUND 3, L.P., a Delaware limited partnership,

Plaintiff – Appellee,

v.

JEFFREY L. ELLIS,

Defendant – Appellant.

---

**No. 08-1495**

---

GMO FORESTRY FUND 3, L.P., a Delaware limited partnership,

Plaintiff – Appellant,

v.

JEFFREY L. ELLIS,

Defendant – Appellee.

---

Appeals from the United States District Court for the Southern District of West Virginia, at Bluefield.  David A. Faber, District Judge.  (1:04-cv-00841)

---

Argued: May 14, 2009                    Decided: June 11, 2009

---

Before SHEDD and DUNCAN, Circuit Judges, and Frederick P. STAMP, Jr., Senior United States District Judge for the Northern District of West Virginia, sitting by designation.

---

Affirmed by unpublished per curiam opinion.

---

Eric B. Snyder, BAILEY & GLASSER, LLP, Charleston, West Virginia, for Jeffrey L. Ellis.  Kenneth Eugene Webb, Jr., BOWLES, RICE, MCDAVID, GRAFF & LOVE, PLLC, Charleston, West Virginia, for GMO Forestry Fund 3, L.P., a Delaware limited partnership.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeffrey L. Ellis appeals the finding of the district court that GMO Forestry Fund 3, L.P. ("GMO") has superior title to a 334.89-acre tract of land in McDowell County, West Virginia ("subject property"). GMO cross-appeals the district court's grant of summary judgment in Ellis' favor on its claim of slander of title. Finding no reversible error, we affirm.

I.

GMO filed suit against Ellis seeking to quiet title to the subject property and alleging that Ellis had committed slander of title by recording a deed claiming ownership of the subject property. The district court granted partial summary judgment in favor of Ellis on GMO's slander of title claim but held that GMO had valid and proper title to the subject property superior to Ellis' claim of title.

In granting summary judgment on the slander of title claim, the district court found that GMO had not met its burden of showing that Ellis acted with the requisite malice necessary to support such a claim. See TXO Production Corp. v. Alliance Resources Corp., 419 S.E.2d 870, 879 (W.Va. 1992) (holding that malice is an element of a slander of title action). GMO argued that Ellis acted with malice by not conducting a title search and by ignoring a notation on the plat of the survey performed

3

at Ellis' request that stated that the surveyor did not warrant ownership of the property surveyed.[1] The district court noted that although Ellis' actions may have been questionable, no reasonable jury could find that he acted with malice as defined by TXO; therefore, the court granted Ellis' motion for summary judgment on the slander of title claim.

In regard to GMO's action to quiet title against Ellis, the parties agreed to the appointment of a special master. The special master held an evidentiary hearing at which both parties produced documentary evidence and live testimony relevant to their respective claims to the subject property. The special master issued a report that found that GMO had valid legal and equitable title to the subject property superior to that of Ellis. See J.A. 415. GMO moved the district court to adopt the report. Ellis opposed GMO's motion and also made specific objections to the report. After sustaining several of Ellis' objections, the district court adopted the report and entered judgment against Ellis.[2]

---

[1] At oral argument, GMO conceded that there was no evidence in the record that Ellis had knowledge of any other claim to the subject property when he filed his deed.

[2] Ellis also argues that the district court erred by not requiring GMO to produce evidence of actual possession as an element of its quiet title action. The district court correctly found that proof of actual possession is not required. See (Continued)

4

We review the district court's grant of summary judgment on the slander of title claim de novo. See Fuisz v. Selective Ins. Co. of Am., 61 F.3d 238, 241 (4th Cir. 1995). On the quiet title action, we review the district court's findings of fact for clear error and review its legal conclusions de novo. See United States v. Green, 436 F.3d 449, 456 (4th Cir. 2006).

Having reviewed the record and the applicable law, and having had the benefit of oral argument, we affirm the judgment based substantially on the reasoning of the district court.

AFFIRMED

---

Flynn Coal & Lumber Co. v. F.W. White Lumber Corp., 157 S.E. 588, 589 (W.Va. 1931).