# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**January 20, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Drenda Auvil,**
**Respondent Below, Petitioner**

**vs)   No. 15-0851** (Greenbrier County 14-C-78)

**The Most Reverend Michael J.**
**Bransfield, Bishop of the Diocese of**
**Wheeling-Charleston,**
**Petitioner Below, Respondent**

## MEMORANDUM DECISION

Petitioner Drenda Auvil, pro se, appeals the order of the Circuit Court of Greenbrier County, entered on July 29, 2015, declaring that a sixteen-foot access road or alley was a part of respondent's property and was not subject to any right-of-way for petitioner. Respondent The Most Reverend Michael J. Bransfield, Bishop of the Diocese of Wheeling-Charleston, by counsel E. Lavoyd Morgan, Jr. and Denise N. Pettijohn, filed a summary response, and petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties each own real property on the north side of Greenbrier Avenue in Ronceverte, Greenbrier County, West Virginia. On petitioner's property, there is her residence and a two-vehicle garage. Respondent owns St. Catherine of Siena Catholic Church ("St. Catherine's"), which has a parking lot on land adjacent to petitioner's property. Prior to the filing of the instant action, Father John Chapin Engler, Jr., who is the administrator of St. Catherine's, went to speak with petitioner regarding the parking of her vehicles in the "back area" of the St. Catherine's parking lot. Petitioner informed Father Engler that she owned a right-of-way to use what is described as a sixteen-foot access road or alley to both the St. Catherine's parking lot and her two-vehicle garage.

1

On April 30, 2014, respondent filed an action in the Circuit Court of Greenbrier County asking for a declaration that the sixteen-foot access road or alley was located on the property of St. Catherine's and an injunction enjoining petitioner from blocking, impeding, or interfering with the use of the alley by St. Catherine's. Petitioner filed an answer on May 30, 2014, admitting that a right-of-way found in a 1912 deed in respondent's chain of title was "a moot point" because the two properties to which that right-of-way pertained became to be owned "by the same person [(i.e., respondent and his predecessors-in-office)]."[1]

The circuit court subsequently held a bench trial on June 23, 2015. At trial, respondent presented the testimony of Eugene Kelley, a licensed surveyor. Mr. Kelley testified that, by an April 6, 1912, deed, respondent obtained a lot that was 237 feet by 100 feet in size and included in that was the sixteen foot access road or alley. Accordingly, Mr. Kelley concluded his direct testimony by testifying, as follows:

Q. Show the Judge what you're talking about.

A. (Witness complies.) 237-foot (inaudible)[.]

Q. And[,] that's pursuant to the 1912 deed, correct, at the courthouse?

A. Correct[.]

Q. So, after doing all your research in this matter, is it your conclusion that what is referred to as a 16-foot alley is the property of the Catholic Church; is that right?

A. Correct.

Q. And[,] that is the same property that [petitioner] continues to park cars on; is that right?

---

[1]Almost a year after the filing of petitioner's answer, she filed a counterclaim on May 13, 2015, which the circuit court failed to address during the proceedings below. However, respondent asserts that the circuit court had no obligation to address petitioner's counterclaim because it was a compulsory counterclaim that petitioner failed to assert in her answer filed on May 30, 2014. We agree. Rule 13(a) of the Rules of Civil Procedure provides that "[a] pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim[.]" In petitioner's counterclaim, she asked for the dismissal of respondent's petition for declaratory and injunctive relief or, in the alternative, money damages in the amount of $204,000 for Father Engler's "harassing, threat[en]ing, and bull[y]ing" towards her for her "[alleged] use of their parking lot." Therefore, we find that petitioner's counterclaim arose out of the same transaction or occurrence as respondent's petition. Given that petitioner failed to assert the counterclaim in her answer as required by Rule 13(a), we conclude that the circuit court did not err by not addressing her counterclaim.

A. Correct.

Petitioner cross-examined Mr. Kelley regarding alleged inconsistencies among the various surveys he did of the alley, as follows:

Q. My question is: why has the alley moved?

A. It hasn't moved. There's a lot (inaudible)[.] There's the alley (inaudible)[.] [I]t's still there. (Inaudible)[.]

\* \* \*

A. The 16-foot alley hasn't moved. (inaudible) Here's the property line of the Church. See the 16-foot alley there (inaudible) continuation of the 16[-]foot alley (inaudible) right there is that corner right there. The 16[-]foot alley continues on over to that deed I just had. It says [the] 16[-]foot alley runs from Greenbrier Avenue to Pocahontas Avenue. . . .

\* \* \*

A. No. I didn't say that. The alley didn't change. If you look at it, that exit's in the place it was. You can get right on through there. You see this (inaudible) and it goes on over to Pocahontas Avenue (inaudible)[.]

On redirect examination, Mr. Kelley confirmed that the sixteen foot access road or alley was located on "the Church's property." Following trial, the circuit court entered an order on July 29, 2015, declaring that the sixteen-foot access road or alley was a part of respondent's property and was not subject to any right-of-way for petitioner. First, the circuit court found that the right-of-way set forth in respondent's April 6, 1912, deed, as being reserved for the benefit of W.J. Kramer, was extinguished when respondent acquired Mr. Kramer's property by a subsequent deed dated April 23, 1912. *See* Syl. Pt. 2, *Henline v. Miller*, 117 W.Va. 439, 185 S.E. 852 (1936) (adopting doctrine of merger). Next, the circuit court found that, in petitioner's July 19, 2007, deed, she acquired "parcel no. 3," which was described as a "right to the joint use of that certain access road or driveway to a garage located partly on the rear of Lot No. 1 and Lot No. 2 and used jointly by the grantor and the adjoining property owner[.]" The circuit court determined that it was not possible to "ascertain where this supposed right-of-way was located or whether the garage referred to in [petitioner]'s chain of title is still standing." The circuit court concluded, as follows:

. . . There is no evidence before the Court that the lot owned by [petitioner] was severed from that owned by [respondent] in such a way that a quasi-easement was created. Further, there is no description of the right-of-way in any of the deeds that would allow the Court to discover if the right-of-way and the sixteen foot alley are one and the same.

This Court is of the opinion that, without the benefit of a description of the

3

right-of-way claimed by [petitioner], the right-of-way in [petitioner]'s deed and the sixteen[ ] foot alley way are not one and the same. . . .

Accordingly, the circuit court enjoined petitioner from "blocking, impeding, or otherwise interfering" with the sixteen-foot access road or alley, which is respondent's property.

Petitioner now appeals the circuit court's July 29, 2015, order. We apply the standard for reviewing a judgment entered following a bench trial:

> In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Public Citizen, Inc. v. First National Bank in Fairmont*, 198 W.Va. 329, 480 S.E.2d 538 (1996).

On appeal, petitioner contends that the sixteen-foot access road or alley is not located on property granted to respondent in the April 6, 1912, deed, but concedes that testimony was conflicting as to that issue. "An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W.Va. 657, 669 n.9, 461 S.E.2d 163, 175 n.9 (1995). While petitioner cross-examined respondent's surveyor regarding whether he moved the alley on certain surveys, Mr. Kelley was adamant that he did not, explaining that "[h]ere's the property line of the Church" and that "[t]he 16[-]foot alley continues on over to that deed I just had." On redirect examination, Mr. Kelley confirmed that the sixteen-foot access road or alley was located on "[respondent]'s property." The circuit court heard Mr. Kelley's testimony and was able to observe his demeanor. We conclude that nothing in the record on appeal indicates that the circuit court's finding that the alley was located on respondent's property was clearly erroneous.

Petitioner contends that the circuit court's ruling also involved the interpretation of the right-of-way found in each party's respective deed, which we review de novo. *See Cabot Oil & Gas Corp. v. Huffman*, 227 W.Va. 109, 116, 705 S.E.2d 806, 813 (2010). However, we find that the circuit court did not need to interpret the parties' deeds. With regard to the right-of-way in respondent's deed, petitioner conceded in her answer that the subsequent acquisition of the property that was the dominant estate extinguished that easement. With regard to the right-of-way found in petitioner's July 19, 2007, deed, the circuit court accepted that there was language giving her a "right to the joint use of that certain access road or driveway to a garage located partly on the rear of Lot No. 1 and Lot No. 2 and used jointly by the grantor and the adjoining property owner[.]" Rather, the circuit court found that no right-of-way belonged to petitioner on the ground that there was "no evidence" that allowed the court to "ascertain where this supposed right-of-way was located or whether the garage referred to in [petitioner]'s chain of title is still standing." That is a factual finding, to which deference is owed. Upon our review of the record, we conclude that

4

the circuit court's finding that there was no evidence that petitioner's claimed right-of-way actually existed was not clearly erroneous.

Finally, petitioner alleges that, if she cannot use the alley to access her garage, she will not have any access to her property. Respondent counters that petitioner has other points of access to her property as petitioner's property abuts a city street. We agree with respondent. We find that, while petitioner's garage may be her preferred place to park her vehicles, Mr. Kelley indicated in his testimony that petitioner had more than one way of accessing her property. Therefore, we conclude that the circuit court did not abuse its discretion in enjoining petitioner from "blocking, impeding, or otherwise interfering" with the sixteen-foot access road or alley, located on respondent's property.

For the foregoing reasons, we affirm the circuit court's July 29, 2015, order declaring that the sixteen-foot access road or alley was a part of respondent's property and was not subject to any right-of-way for petitioner.

Affirmed.


**ISSUED:** January 20, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

5